■ CAROL A. VIRGO, Respondent, v EDWARD J. BONAVILLA, Appellant.— Order unanimously reversed, with costs, motion denied and verdict reinstated. Memorandum: In this medical malpractice action, a malpractice panel was selected, composed of a Justice of the Supreme Court, an attorney at law and a podiatrist; and an orthopedic surgeon acted as consultant thereto (see Judiciary Law, § 148-a, subds 1-a, 6). The panel unanimously recommended a finding of no liability. Upon the trial some expert witnesses testified for plaintiff and others for defendant, who is a podiatrist. Because the panel was unanimous in favor of the defendant, the medical experts thereon were permitted to testify (Judiciary Law, § 148-a, subd 8). On cross-examination of the podiatrist panelist, he revealed that he was in podiatry school for some time with the defendant, but was not one of his classmates; that he has known defendant socially and once four or five years previously as a member of the House of Delegates of the State Society, attended with defendant a three- or four-day meeting of that society, of which defendant was then president. No evidence was introduced suggesting a close personal relationship between the panelist and the defendant, nor showing any evidence of bias or error in the panelist's analysis of the facts in the case or in his conclusion; nor was any showing made that other members of the panel were biased or influenced by him. In spite of such revelation by that panelist, plaintiff made no motion for rejection of that report of the panel nor for mistrial, but permitted the case to be submitted to the jury for determination. Only upon the return of an adverse verdict did plaintiff object to the composition of the panel, and he then moved to set aside the verdict, for a new trial and for the appointment of a new panel. The court erred in granting the motion. In *Kletnieks v Brookhaven Mem. Assn.* (53 AD2d 169) a member of the malpractice panel had been a medical school classmate of the defendant, and they had belonged to the same medical societies and attended the same meetings thereof. The court through Martuscello, J., wrote (p 177): "Such facts, standing alone, do not present a reasonable basis upon which an inference of impropriety may be predicated. Of necessity, members of the same medical specialty may oft times be members of the same county-wide and State-wide organizations. Courts have already noted the 'difficulty inherent in securing "independent" [medical] expert witnesses' *(McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 27, 28). If common membership in professional organizations be deemed sufficient to merit panel disqualification, the task of obtaining

independent medical evaluation will be rendered more difficult and would not serve the clearly expressed legislative intent." We adopt such views. In the absence of a showing of bias, we find no reason for rejecting the report of the panel in this case or for setting aside the verdict. Moreover, in this case after plaintiff learned of the former contacts of the medical panelist with the defendant, no motion was made to reject the report or for mistrial. Instead, plaintiff proceeded with the trial and sought a verdict at the hands of the jury. Had the verdict been favorable to the plaintiff, obviously plaintiff would have accepted it. The plaintiff cannot have it both ways. Having elected to await the jury's verdict, it was too late to move for rejection of the report and the verdict because of alleged bias of the panelist. (Appeal from order of Monroe Supreme Court—set aside verdict.) Present—Cardamone, J. P., Hancock, Jr., Doerr and Witmer, JJ. [99 Misc 2d 238.]