(December 13, 1979)

■ In the Matter of RICHARD A. RAINKA, Respondent, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered July 5, 1978 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit the Department of Health from holding an administrative hearing, unless a bill of particulars amplifying charges is served on petitioner. On March 29, 1977, respondent, a dentist, attended a "provider discussion" held to investigate possible unacceptable practices on the part of respondent. Thereafter, respondent was notified that he was suspended from participation in the Medicaid program for one year, that he was ineligible to receive any payments from the Medicaid program during that time, and that he was

required to make restitution of funds paid for unnecessary radiographs and other unacceptable practices. Respondent requested a hearing and he was served with a notice of charges and a supplemental notice of charges. Neither of these notices particularized specific instances of unacceptable practices, but the general nature of the charges was set forth. Respondent instituted this article 78 proceeding in the nature of prohibition, maintaining that the notice of charges and the hearing procedure are constitutionally deficient and violative of the Fourteenth Amendment of the United States Constitution. Special Term agreed and prohibited appellant from holding the hearing unless a bill of particulars was served on respondent. This appeal ensued. Prohibition is an extraordinary remedy to be invoked only where a clear right to relief is established and the action taken or threatened is clearly without jurisdiction or in excess of jurisdiction (*Matter of Bloom v Clyne,* 69 AD2d 956). Even if there has been an excess of jurisdiction, however, prohibition will not lie if there is available an adequate remedy at law which may bar the extraordinary remedy (*Matter of State of New York v King,* 36 NY2d 59, 62). It is the view of this court that respondent has an adequate remedy in his right to institute an article 78 proceeding following a final agency determination and, consequently, prohibition is improper (see *Matter of Schuyler v State Univ. of N. Y. at Albany,* 31 AD2d 273). The judgment, therefore, should be reversed. We pass on no other issue. Judgment reversed, on the law, and petition dismissed, with costs. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.