■ In the Matter of the STATE BOARD OF PROFESSIONAL MEDICAL CONDUCT, Appellant, v PHILIP SCHLESINGER, Respondent. — Appeal from an order of the Supreme Court at Special Term (Weiss, J.), entered January 19, 1981 in Albany County, which granted respondent's motion to enjoin disciplinary proceedings before the State Board of Professional Medical Conduct until an amended statement of charges is served on respondent. On or about April 18, 1980, the New York State Board of Professional Medical Conduct (board) charged respondent Dr. Philip Schlesinger with professional misconduct within the purview of section 6509 of the Education Law and scheduled a hearing. The board served on respondent a statement of charges alleging 12 specific examples of claimed medical misconduct. Respondent served an answer to the charges and demanded a bill of particulars. When the board failed to comply with the demand, respondent moved Special Term, pursuant to CPLR 3042, for a preclusion order, and for a stay of proceedings until such particulars should be furnished. Special Term determined that the motion should be construed as one addressed to the sufficiency of the pleadings, then examined the pleadings and found them to lack the detail necessary to satisfy the requirements of section 6510 (subd 1, par c) of the Education Law and section 230 (subd 10, par [b]) of the Public Health Law. Consequently, Special Term stayed any further disciplinary proceedings until the board provided an amended statement of charges; reasoning that the board would be proceeding in excess of its jurisdiction if it did not provide the requested specificity. This appeal ensued. Finding that the board "would be proceeding in excess of its jurisdiction", Special Term predicated its authority to grant relief upon CPLR article 78. Accordingly, Special Term in effect granted a writ of prohibition. In situations such as this, however, we have held the granting of prohibition improper (see *Matter of Rainka v Whalen,* 73 AD2d 731, affd 51 NY2d 973). As in *Matter of Rainka,* we note here that respondent has an adequate remedy in his right to institute an article 78 proceeding following a final administrative determination. The order, therefore, should be reversed, and respondent's motion denied. Order reversed, on the law, with costs, and motion by respondent denied. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.