OPINION OF THE COURT
Norman C. Ryp, J.
issue:
When do prior social and professional contacts between a professional administrative hearing panel chairperson and an expert witness become so legally contagious to warrant a new panel and hearing? An issue of first impression in an administrative hearing in New York State.
Motions No. 170 of July 12,1982 and No. 195 of September 9, 1982 are consolidated for disposition herein.
PROCEDURAL HISTORY AND FACTS!
Petitioner, by orders to show cause, dated July 9, 1982 and August 30, 1982, moves under CPLR 2221 to renew and reargue the decision of this court, dated June 30,1982; declare a mistrial in and quash the subpoena, dated August 17, 1982 under subject administrative hearing because of a professional relationship between the chairperson and respondent’s expert witness; enjoin any ex parte communication between respondents and members of the *656 panel or the hearing officer during the pendency of the hearing; stay the hearing until respondent complies with petitioner’s subpoena duces tecum and the decision of Justice Norman C. Ryp, dated July 2, 1982.
parties’ contentions:
Petitioner, Dr. D. R. W., is the respondent psychiatrist, specializing in gender reclassification, in an administrative, disciplinary proceeding being conducted by respondent New York State Department of Health State Board for Professional Medical Conduct.
Petitioner contends substitution of the hearing officer was invalid; that chairperson Dr. Naomi Goldstein, the only psychiatrist on the panel, has had a lengthy, close professional relationship with respondent’s expert witness Dr. Morris Herman; said relationship prevents a fair and impartial hearing from being afforded petitioner, D. R. W.; there have been consistent ex parte contacts between the members of the fact-finding panel, hearing officer and the attorneys prosecuting subject action on behalf of respondent.
Respondent denies all of petitioner’s contentions especially the contention that the relationship of Drs. Goldstein and Herman would prejudice petitioner.
APPLICABLE LAW:
Timely commencement of a CPLR article 78 proceeding to correct any allegedly arbitrary, capricious or irrational orders or procedures requires petitioner first exhaust all of his administrative remedies. A prematurely commenced CPLR article 78 proceeding will be dismissed. (Matter of State Bd. of Professional Med. Conduct v Schlesinger, 84 AD2d 879; Matter of Rainka v Whalen, 73 AD2d 731.)
However, when an objection is raised before or during an administrative hearing to the relationship between a panel member and a defendant, immediate institution of a CPLR article 78 proceeding is appropriate. (See Virgo v Bonavilla, 71 AD2d 1051, affd 49 NY2d 983, wherein petitioner’s application for a mistrial or to reject the medical malpractice panel report, based on an allegedly suspect relationship between the defendant and a panel member, *657 should have been made during the trial, not after receiving an adverse jury verdict.)
The absolute requirement that the trier of the facts, whether Justice, juror, hearing officer or administrative panel member be impartial, in fact and in appearance, is well recognized and adhered to by the courts of this State. “[T]he trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve * * * Nothing is more basic to the criminal process than the right of an accused to a trial by an impartial jury.” (People v Branch, 46 NY2d 645, 651-652; People v Blyden, 55 NY2d 73; People v Harris, 84 AD2d 63.)
The courts have held that insignificant or fleeting professional or social contact between a party and a panel member is insufficient proof of bias. (See Virgo v Bonavilla supra, wherein a panelist and defendant had casual social contact and attended the same podiatry school but were not classmates; Kletniecks v Brookhaven Mem. Assn., 53 AD2d 169, wherein defendant and panelist attended the University of Geneva and belonged to the same medical society.) However, a contact that includes both a casual or limited social relationship and a business relationship can indicate an implied bias or suspect relationship which would preclude an impartial verdict. (People v Branch, supra; People v Meyer, 78 AD2d 662, wherein a juror was acquainted with one witness for each party.) The court must consider the nature and quality of the relationship, i.e., whether the contacts are direct and personal (People v Provenzano, 50 NY2d 420) and should not be reluctant to replace a juror or panel member when doubts regarding impartiality of the trier of fact exist. (People v Sellers, 73 AD2d 697.)
At the hearing on July 6, 1982, Dr. Goldstein testified that she knew Dr. Herman for 25 years and that they are both members of the New York University Medical School faculty (NYUMS). At the hearing on July 13, 1982 Dr. Herman, a professor of psychiatry at NYUMS, testified that he knew chairperson Goldstein for 25 years in a professional context; during that time period he was the assistant chairman of the psychiatry department at New *658 York University Hospital while Dr. Goldstein was a resident; there have been no social contacts between them.
findings:
In view of the foregoing facts and circumstances and case law set forth hereinabove, the court holds:
(1) As above noted the impartiality of a panel member must be above implied bias suspicion (see People v Blyden, supra, and cases set forth hereinabove). Thus, in the interests of fairness, equity and justice, the professional relationship between Drs. Goldstein and Herman requires removal of Dr. Goldstein from the panel. The serious nature of the charges and subsequent consequences to petitioner warrant judicial intervention when even a suspect prejudicial relationship exists.
(2) To avoid further delays by motional and other procedural challenges to the integrity and impartiality of the panel members and hearing officer, the court directs that a new panel be appointed and new hearing officer selected.
(3) Furthermore, all parties are directed to refrain from any ex parte communication with the panel members and to limit any communication with the hearing officer to appropriate subjects (i.e., adjourn dates) necessary to continue and complete subject disciplinary hearing.
(4) That portion of the second motion to reargue that seeks to quash the respondent’s subpoena, dated August 17,1982, is denied as petitioner is clearly authorized under section 230 (subd 10, pars [k], [Z]), of the Public Health Law to seek and obtain the subpoenaed information.
conclusion:
Accordingly, petitioner’s motions for leave to reargue are granted. Upon reargument, movant has failed in his first motion to reargue to establish that this court misapprehended any material fact or overlooked any controlling principle of law relevant to the issues determined in the decision, dated June 30,1982. (Foley v Roche, 68 AD2d 558; Rosa v Tountasakis, 55 AD2d 614.)
Accordingly, the decision of the court, dated June 30, 1982, is adhered to. However, in light of the changed circumstances presented herein in his second motion to *659 reargue returnable September 9, 1982 and received October 5, 1982, the decision of the court, dated June 30, 1982, is modified in accordance with the foregoing hereinabove.