■ In the Matter of PRESTON M. LEWIS, Petitioner, v BOARD OF EXAMINERS OF NURSING HOME ADMINISTRATORS, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Board of Examiners of Nursing Home Administrators which suspended petitioner's license as a nursing home administrator for six months. Petitioner was formerly the licensed administrator of the Greater Harlem Nursing Home in New York City. Charges were filed against him alleging that he had committed unethical conduct under a provision of respondent's regulations (10 NYCRR 96.1 [m] [14]). The charges were based upon seven alleged deficiencies in the dietary and housekeeping practices at the nursing home, ranging from failure to provide prescribed therapeutic diets for patients to failure to properly maintain floor pantries used for the storage of food. All of the charges, except the one pertaining to the maintenance of the pantries, were alleged to have occurred on January 11, 1980 "and for some time prior thereto". After a hearing, the administrative law judge sustained the seven alleged deficiencies on January 11, 1980, but the only charges found to be recurrent were the failure to provide adequate food portions and therapeutic diets. It was also recommended that petitioner's license be suspended for six months. Respondent adopted the findings and conclusions of the administrative law judge and suspended petitioner's license for six months. The instant CPLR article 78

proceeding was brought seeking an annulment of respondent's determination. At the outset, we note that petitioner did not deny the existence of the various deficiencies on January 11, 1980. The thrust of his defense is, in substance, that there is a lack of proof to sustain the findings and conclusions of the failure to provide adequate food portions and therapeutic diets on a recurrent basis. To establish the charges, an employee of the State Department of Health, classified as a registered dietician, testified that as the result of complaints, she visited the nursing home on January 11, 1980. She described the alleged deficiencies she found on that date. Clearly, there is ample proof to justify the determination of deficiencies found by respondent as to that date. The more vexing issue concerns the recurrence of deficiencies on the two charges where such recurrence was found. On that issue, there was admitted into evidence three reports detailing results of inspections made at the nursing home on May 16, 1977, April 8 and 9, 1979. These reports noted that food portion sizes were inadequate and that patients were not receiving their therapeutic diets. In addition, there was received into evidence a "thirty-day fine letter" from the Department of Health dated April 29, 1979, noting and requiring correction of, *inter alia,* the therapeutic diet deficiency found during the April 8 and 9 visits. While petitioner did not deny those charges, by way of explanation he stated that from 1976 until November, 1980 a food service contractor was responsible for the operation of his dietary department. He further stated that he discharged the contractor and assumed control of the dietary operation in 1980. He further stated that, while the contractor made corrections, he failed to sustain them and, consequently, he terminated the contractor's services. Pursuant to the regulation in question, it was necessary to demonstrate that petitioner's actions amounted to "unethical conduct", which has been defined as a failure to exercise true regard for the safety, health and life of patients. Considering the record in its entirety and, particularly, the three reports which, contrary to petitioner's contention, are admissible (Public Health Law, § 10, subd 2), we are unable to conclude that respondent's determination is not supported by substantial evidence and, therefore, we shall not disturb it. Neither are we able to conclude under all the circumstances that the penalty imposed is excessive or an abuse of discretion. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.