■ In the Matter of AMIR A. DJAVAHERI, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—Main, J. P. Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered August 20, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for, *inter alia,* failure to exhaust administrative remedies.

After learning that respondent State Board for Professional Medical Conduct (Board) was planning to conduct a hearing on certain charges of professional misconduct against him, petitioner commenced this CPLR article 78 proceeding in the nature of prohibition seeking to enjoin the Board from conducting such a hearing. Apparently, the facts underlying the present charges by the Board are identical to those that formed the basis of charges advanced against petitioner in 1982 by the State Office of Mental Retardation and Developmental Disabilities (OMRDD). The OMRDD charges were ultimately dropped pursuant to a stipulation between petitioner and OMRDD. Petitioner argued before Special Term, *inter alia,* that the Board was barred, under the doctrines of res judicata and equitable estoppel, from entertaining the present charges against him. Respondents moved for dismissal of the petition, and that motion was granted by Special Term. This appeal ensued.

We affirm. The extraordinary remedy of prohibition will not lie if there is available an adequate remedy at law *(Matter of Molea v Marasco,* 64 NY2d 718, 720). Here, petitioner clearly has an adequate remedy in his right to institute an article 78 proceeding *after* a final administrative determination is made *(see, Matter of State Bd. of Professional Med. Conduct v Schlesinger,* 84 AD2d 879; *Matter of Rainka v Whalen,* 73 AD2d 731, 732, *affd* 51 NY2d 973). Consequently, prohibition is not an appropriate remedy here, and Special Term correctly so concluded.

Judgment affirmed, without costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.