■ In the Matter of HERBERT A. ROTHMAN, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents.—In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondents from conducting a hearing to determine whether the appel-

lant's nursing home administrator's license should be suspended or revoked, and an action, *inter alia,* for a judgment declaring that Public Health Law article 28-D and 10 NYCRR 96.1 (m) (2) and (14) are unconstitutional, the appeal is from (1) an order of the Supreme Court, Queens County (Graci, J.), dated September 17, 1987, which denied the appellant's motion for renewal and reargument of the respondents' motion for summary judgment and his cross motion for summary judgment which were the subject of a decision dated March 27, 1987, and (2) an order and judgment (one paper) of the same court, dated November 5, 1987, which, *inter alia,* granted the respondents' motion for summary judgment, denied the appellant's cross motion for summary judgment, dismissed the prayer for relief pursuant to CPLR article 78, and declared that Public Health Law article 28-D is constitutional.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument, or made upon reargument or renewal of a decision; and it is further,

Ordered that the order and judgment is modified, on the law, by adding a provision thereto declaring 10 NYCRR 96.1 (m) (2) and (14) are constitutional; as so modified, the order and judgment is affirmed, without costs or disbursements.

After the Commissioner of the New York State Department of Health (hereinafter the commissioner) served a notice of hearing and statement of charges against the appellant as one of the operators of the Brookhaven Beach Health Related Facility (hereinafter Brookhaven) in 1982, the parties entered into a "STIPULATION AND ORDER" on September 20, 1983, settling and discontinuing with prejudice the charges against the petitioner as an operator of Brookhaven. The Board of Examiners of Nursing Home Administrators thereafter served the appellant, in his capacity as administrator of Brookhaven, with another notice of hearing and statement of charges in 1984, based on the allegations contained in the earlier notice of hearing and statement of charges. The violations charged were based on deficiencies in care found to exist at Brookhaven in 1982.

The appellant claims, *inter alia,* that the 1983 stipulation bars the respondents from proceeding with the hearing on the 1984 charges, since the stipulation settled and discontinued with prejudice any and all charges against the appellant. He also seeks a judgment declaring certain provisions of the

regulations of the Board of Examiners unconstitutional. The respondents maintain that the instant charges were brought against the appellant in his capacity as administrator while the earlier charges, which resulted in the stipulation, applied to him in his role as operator of Brookhaven. The Supreme Court reached the merits of the petitioner's contentions, dismissed the prayer for relief pursuant to CPLR article 78, and declared that Public Health Law article 28-D is constitutional.

Although we agree that the prayer for relief pursuant to CPLR article 78 was properly dismissed, we do so on the ground that prohibition does not lie in this case. The extraordinary remedy of prohibition will not lie if an adequate remedy at law is available (see, Matter of Molea v Marasco, 64 NY2d 718; Matter of Morgenthau v Erlbaum, 59 NY2d 143, cert denied 464 US 993). The appellant will have the opportunity to institute a proceeding pursuant to CPLR article 78 following the completion of the administrative hearing and final disposition of the charges (see, Matter of Djavaheri v Axelrod, 119 AD2d 967; Matter of Wildman v Axelrod, 106 AD2d 875, affd 64 NY2d 1094).

Turning to the application for a declaratory judgment, the appellant and the amici curiae maintain that 10 NYCRR 96.1 (m) (2) and (14) are unconstitutionally vague because they fail to convey sufficient standards concerning the conduct to be proscribed. We disagree. 10 NYCRR 96.1 (m) provides that "Unethical conduct, for the purpose of section 2897 of the Public Health Law, shall include but not be limited to * * *

"(2) violation of any of the provisions of law or codes, rules or regulations of the licensing authority or agency of the State having jurisdiction of the operation and licensing of nursing homes * * *

"(14) failure to exercise true regard for the safety, health and life of patients".

Contrary to the contention raised by the appellant and amici curiae, the administrator of a nursing home, charged with the responsibility for the general administration of the facility (see, Public Health Law § 2895-a [3]), may be held liable for his failure to ensure that proper services are provided to patients (see, Matter of Lewis v Board of Examiners of Nursing Home Adm'rs, 97 AD2d 671, lv denied 61 NY2d 604; Matter of Harrow v Axelrod, 145 AD2d 262). We find that the regulations in question were sufficiently specific and clear and that they conveyed a definite warning against the proscribed conduct (see, Jordan v De George, 341 US 223, reh denied 341

US 956; *Foss v City of Rochester,* 65 NY2d 247; *Matter of Levine v Whalen,* 39 NY2d 510). To require the regulations to be more specific would entail the impossible task of defining every conceivable act of misconduct for which an administrator may be held accountable. Accordingly, the order and judgment should be modified by adding a provision declaring that 10 NYCRR 96.1 (m) (2) and (14) are constitutional *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.