OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
Prohibition is an extraordinary remedy. Though available to prevent a court from exceeding its authorized powers, the excess must be one which goes to “the very authority or power and, thus, jurisdiction of the officer, not to a mere mistake or ‘an error in procedure or substantive law’ ” (Matter of Dondi v Jones, 40 NY2d 8, 15; accord Matter of Steingut v Gold, 42 NY2d 311, 315; La Rocca v Lane, 37 NY2d 575, 579; Matter of State of New York v King, 36 NY2d 59, 64).
*1059 The order in which witnesses are presented before the Grand Jury is a matter of procedure, within the supervisory jurisdiction of the court, who, together with the District Attorney, is a “legal advisor” of the Grand Jury (CPL 190.25, subd 6). In Matter of Proskin v County Ct. of Albany County (30 NY2d 15), we upheld the prohibition of an order directing disclosure of the entire transcript of a Grand Jury investigation and in La Rocca v Lane (37 NY2d 575, 581, supra) pointed to Proskin as a good example of the “gross, unprecedented, and even suspect as to motivation, direction” which, though procedural, was properly controllable by the writ. The instant order requiring that the People’s witnesses be presented to the Grand Jury before the person about to be charged appears pursuant to his own request pursuant to CPL 190.50 (subd 5, par [a]) cannot be so characterized (Matter of Gold v Gartenstein, 54 NY2d 627; Matter of Hennessy v Gorman, 58 NY2d 806).* The writ was, therefore, properly denied.

 Out of an excess of caution we note the obvious. We do not reach, and therefore do not pass upon, the merits of the order in question (Matter of Gold v Gartenstein, supra, at p 629).