■ IRVING SCHACHTER, Appellant, v CARL TOMASELLI et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit respondents from conducting further proceedings pursuant to section 3020-a of the Education Law, petitioner appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated November 30, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The Board of Education of Community School District 24 (board) instituted proceedings pursuant to section 3020-a of the Education Law against petitioner, a tenured teacher in an intermediate school, by furnishing him with a written notice that, in an executive session held on March 24, 1983, it had found probable cause to prefer charges against him. Petitioner, who was suspended with pay pending a final determination of the charges, requested a hearing pursuant to subdivision 3 of section 3020-a of the Education Law. A hearing panel was convened and began proceedings on the charges. Petitioner then commenced the instant proceeding pursuant to CPLR article 78, *inter alia,* to restrain the board and the hearing panel from

conducting further disciplinary proceedings against him pending a judicial determination as to whether the board had followed the required statutory procedures for determining that probable cause existed to prefer the charges against him, thus vesting the hearing panel with jurisdiction to hold the hearings on those charges. Petitioner asserted (1) that the board failed to produce the minutes of the March 24, 1983 executive session in order to substantiate that the majority of its members had voted during that meeting to find probable cause to bring the charges against him, and (2) that the board did not comply with the provision in the regulations of the Commissioner of Education requiring it to forward to the Commissioner "[a] copy of a written statement of each charge as to which the board finds that probable cause exists, together with a copy of the vote of each member of the board on each such charge" (8 NYCRR 82.2 [b]).

We conclude that Special Term properly dismissed the proceeding. Generally, an article 78 proceeding is not appropriate to review an interlocutory determination and may be used only to review the final determination of a body or officer (see CPLR 7801, subd 1; *Matter of Cohoes Mem. Hosp. v Department of Health,* 48 NY2d 583; *Matter of Jerry v Board of Educ.,* 44 AD2d 198, 202, mod on other grounds 35 NY2d 534). Although petitioner seeks relief in the nature of a writ of prohibition to restrain an agency or public body from "proceeding * * * without or in excess of jurisdiction" (CPLR 7803, subd 2), prohibition is an extraordinary remedy which lies, at the discretion of the court, only in limited circumstances, which do not exist at bar (see *Matter of Nicholson v State Comm. on Judicial Conduct,* 50 NY2d 597, 605; *La Rocca v Lane,* 37 NY2d 575, 579, cert den 424 US 968). Petitioner has failed to establish that the hearing panel clearly lacks jurisdiction to conduct proceedings on the charges preferred against him due to the failure of the board to comply with the statutory procedures for making a finding of probable cause (see *Matter of Nicholson v State Comm. on Judicial Conduct, supra,* pp 605-606, citing *Matter of State of New York v King,* 36 NY2d 59, 62). Prohibition will not lie to correct claimed procedural errors such as those raised by petitioner in the instant proceeding (see *Matter of Schumer v Holtzman,* 60 NY2d 46, 51; *Matter of Nicholson v State Comm. on Judicial Conduct, supra,* p 606). Moreover, prohibition is inappropriate at bar as petitioner has an adequate remedy to correct the errors which he challenges through the normal administrative process before the hearing panel, whose findings are subject to review pursuant to subdivision 5 of section 3020-a of the Education Law (see *Matter of Nicholson v State Comm. on*

*Judicial Conduct,* 50 NY2d 597, 606, *supra,* citing *La Rocca v Lane,* 37 NY2d 575, 579, *supra; Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 47 NY2d 789, 791; *Matter of Queens Borough Pub. Lib. v Public Employment Relations Bd.,* 83 AD2d 637). The hearing panel has the authority to resolve the disputed factual issues as to whether the board has complied with the statutory and regulatory requirements for bringing the charges against petitioner (see *Matter of Community School Dist. 21,* 20 Ed Dept Rep 103; *Matter of Board of Educ.,* 21 Ed Dept Rep 204). Petitioner may raise the jurisdictional and procedural issues which are the subject of the instant proceeding by obtaining review of the final determination of the hearing panel in accordance with subdivision 5 of section 3020-a of the Education Law, either through an appeal to the Commissioner of Education or an article 78 proceeding in the nature of certiorari (see *Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 47 NY2d 789, *supra; Matter of Queens Borough Pub. Lib. v Public Employment Relations Bd.,* 83 AD2d 637, *supra; Matter of Dati v Gallagher,* 68 Misc 2d 692, 695).

We have considered appellant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.