■ In the Matter of STUART R. KRAMER, Petitioner, v ERNST H. ROSENBERGER, as Justice of the Supreme Court of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 to compel the respondent Ernst H. Rosenberger, a Justice of the Supreme Court, to dismiss indictment No. S.P.O. K-185/84 against the petitioner, upon the ground, *inter alia,* that the respondent Thomas A. Duffy, Jr., Special State Prosecutor (Deputy Attorney-General), failed to grant full transactional immunity to one Walter Cox, a witness sought to be called by petitioner in the criminal action.

Proceeding dismissed on the merits, without costs or disbursements.

The petitioner in the instant proceeding stands charged under indictment No. S.P.O. K-185/84 with one count of bribery in the second degree and one count of conspiracy in the fifth degree, it being alleged that petitioner conspired with one Eugene T. O'Brien, Jr., to pay a sum of money to an Assistant District Attorney in Kings County upon an agreement and understanding that the assistant would be influenced in the exercise of his public duties before the Grand Jury. Petitioner claims, *inter alia,* that he desires to call one Walter Cox as a witness in his behalf to establish a defense of entrapment, and that Cox furnished statements to the respondent Special Prosecutor's office following an assurance by that official that the statements

would not be used against him and that any evidence secured by virtue of the statements would also not be so used. The respondent Special Prosecutor has refused, however, to grant full transactional immunity to Cox should Cox testify at petitioner's trial. Cox, exercising his Fifth Amendment privilege against self incrimination, refuses to testify without immunity. The respondent Justice of the Supreme Court denied a motion, made in the criminal action, to dismiss the indictment.

Although petitioner submits his claim under the guise of a CPLR article 78 proceeding in the nature of mandamus, i.e., to direct that the respondent Justice dismiss the indictment pending against him, this proceeding is in fact one brought in the nature of prohibition, i.e., to prohibit petitioner's trial upon the indictment pending against him. No matter how this CPLR article 78 proceeding is characterized, we conclude that it does not lie. The remedy of prohibition does not lie as a means of seeking collateral review of an error of law, no matter how egregious, in a pending criminal matter (*Matter of Dondi v Jones,* 40 NY2d 8; *Matter of State of New York v King,* 36 NY2d 59). Even if we were to construe this proceeding as one in the nature of mandamus, it would have to be dismissed. The remedy of mandamus may be used to compel a subordinate judicial tribunal to act; it cannot, however, be used to direct such a tribunal to decide an application in a particular manner (see *Klostermann v Cuomo,* 61 NY2d 525, 540). The respondents have acted upon petitioner's applications; they have denied him the relief he sought. A CPLR article 78 proceeding may not be used to review their decisions in the pending criminal proceeding so as to direct contrary decisions. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.