(February 6, 1985)

■ In the Matter of THOMAS J. O'NEILL, Petitioner, v JOHN R. KING, Respondent. — Proceeding pursuant to CPLR article 78 to prohibit respondent from compelling petitioner's client, a defendant in a pending criminal case, to submit to questioning directly by the court for the purpose of determining his capacity to stand trial.

Proceeding dismissed, on the law, without costs or disbursements.

Petitioner, an Assistant Public Defender, has been assigned to represent a defendant in a criminal proceeding. Respondent, a County Court Judge, is presiding over a competency hearing, conducted pursuant to CPL article 730, and intends to conduct an in camera interview of the defendant to assist him in making that determination. Contending that the procedure will violate his client's 5th Amendment rights, petitioner seeks a judgment prohibiting the respondent "from compelling the defendant * * * to be questioned directly by the Court for the purpose of determining his capacity to stand trial".

Prohibition does not lie (see, Matter of Molea v Marasco, 64 NY2d 718; Matter of Mulvaney v Dubin, 55 NY2d 668; Matter of Aurnou v Leggett, 79 AD2d 623, appeal dismissed 54 NY2d 833). Respondent has jurisdiction to conduct a competency proceeding and an error of law in such a pending criminal action, even one of constitutional dimension, cannot be collaterally reviewed by prohibition (Matter of Mulvaney v Dubin, supra; see also, Matter of Morgenthau v Erlbaum, 59 NY2d 143, 149-150; Matter of State of New York v King, 36 NY2d 59, 62; Matter of Aurnou v Leggett, supra). Unlike the petitioner in La Rocca v Lane (37 NY2d 575), petitioner here seeks to vindicate the rights of his client and that client has an adequate remedy by appeal or habeas corpus (see Pitler, New York Criminal Practice Under the CPL § 7.4, p 334; cf. Estelle v Smith, 451 US 454). Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.