■ TOWN BOARD OF THE TOWN OF WALLKILL et al., Appellants, v HARRY OWEN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to prohibit an administrative appeal by the respondent Harry Owen pursuant to Civil Service Law § 76 and to prohibit the remaining respondents

from hearing such an appeal, the petitioners appeal from a judgment of the Supreme Court, Orange County (Ingrassia, J.), dated January 10, 1986, which denied the application and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We conclude that the Supreme Court properly dismissed the proceeding. The petitioners claim that the Commissioner of Personnel of the County of Orange is without jurisdiction to review the appeal of Harry Owen from the determination of the Police Commissioner of the Town of Wallkill discharging him from his position with the Town of Wallkill's police force. This claim is premised upon Owen's alleged failure to serve and file his notice of appeal pursuant to Civil Service Law § 76. Determination of whether the extraordinary remedy of prohibition is available in a particular case lies within the court's sound discretion *(see, Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 147, *cert denied* 464 US 993; *Schachter v Tomaselli,* 105 AD2d 779)*.* In the exercise of its discretion, the court should consider such factors as the adequacy of other procedures to correct the alleged error or whether there is an adequate ordinary remedy at law or in equity *(Matter of Morgenthau v Erlbaum, supra; Matter of Nicholson v State Commn. on Judicial Conduct,* 50 NY2d 597, 606). In the instant matter, prohibition does not lie as the petitioners may seek review of their claim of jurisdictional defects through the administrative appeal process before the Commissioner of Personnel of the County of Orange *(see, Schachter v Tomaselli, supra).* Therefore, the judgment appealed from did not involve an abuse of discretion. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.