■ DAVID YANKOWITZ, Petitioner, v CHARLES A. KUFFNER, Respondent.—Proceeding pursuant to CPLR article 78 to prohibit the respondent from conducting a trial on Richmond County indictment No. 278/88 on the ground that to proceed to trial would cause the petitioner to be prosecuted for the

same offense on multiple occasions, in which the District Attorney of Richmond County has moved for an order dismissing the proceeding on the ground that a writ of prohibition does not lie under the facts and circumstances alleged.

Ordered that the People's motion is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner, a dentist, was charged in indictment No. 278/88 with four counts of sexual abuse in the first degree. The acts were allegedly committed upon the same victim during the course of a root canal procedure on or about January 30, 1988. He asserts that the alleged acts should be considered one "transaction" and, therefore, the indictment should consist of only one count, and not four.

The extraordinary remedy of prohibition does not lie as a means of seeking collateral review of an error of law, no matter how egregious, in a pending criminal matter (see, Matter of Kramer v Rosenberger, 107 AD2d 748, 749). The proper procedure is for the petitioner to seek redress in the trial court in the first instance. In the event of his ultimate conviction, his remedy would then be a direct appeal from the judgment (see, Matter of Lipari v Owens, 70 NY2d 731; Matter of Molea v Marasco, 64 NY2d 718). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.