■ In the Matter of George Franco, Petitioner, v Charles A. Kuffner, Respondent.—Proceeding pursuant to CPLR article 78 to prohibit the respondent, a Justice of the Supreme Court, from conducting further proceedings with respect to Richmond County indictment No. 32S/1988, in which the District Attorney of Richmond County has moved to dismiss the proceeding on the ground that the remedy of prohibition does not lie under the facts and circumstances alleged.

Ordered that the motion is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner was charged in indictment No. 32S/1988,

along with codefendant Robert Anderson, with, *inter alia,* burglary in the second degree. He contends that he is not a culpable party inasmuch as he lacked the requisite element of intent. His codefendant allegedly stands ready to provide testimony which would exculpate the petitioner provided that separate trials are held. While the petitioner concedes that the denial of a motion for severance is reviewable upon appeal from an ultimate judgment of conviction, the circumstances of his illness related to acquired immune deficiency syndrome are alleged to be sufficiently compelling and extraordinary as to warrant granting the instant application. Alternatively, the petitioner asserts that the Supreme Court, Richmond County, lacks jurisdiction over the instant matter inasmuch as the prosecutor failed to properly instruct the Grand Jury.

The extraordinary remedy of prohibition does not lie as a means of seeking collateral review of an error of law, no matter how egregious, in a pending criminal matter *(see, Matter of Kramer v Rosenberger,* 107 AD2d 748, 749). Inasmuch as the petitioner has failed to demonstrate a clear legal right to this remedy which transcends a question of substantive or procedural law and which could not otherwise be safeguarded through the alternative remedy of appeal *(see, Matter of Lipari v Owens,* 70 NY2d 731; *Matter of Rush v Mordue,* 68 NY2d 348; *Matter of Molea v Marasco,* 64 NY2d 718), the proceeding is dismissed. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.