■ In the Matter of JULIO BORRELL, Petitioner, v VINCENT

F. NARO et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondent Naro, a Justice of the Supreme Court, from presiding over the trial of consolidated Queens County indictments numbers 8316/86 and 8317/86, and to compel vacatur of so much of an order of the Supreme Court, Queens County (Naro, J.), dated May 30, 1986, as denied the petitioner's application for the respondent Naro's recusal.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The respondent Naro's exercise of his right to remain as Trial Judge in the pending matter at issue was within his discretion as a jurist. The extraordinary remedy of prohibition does not lie as a means of seeking collateral review of an alleged error of law in a pending criminal matter *(see, Matter of Kramer v Rosenberger,* 107 AD2d 748, 749). Inasmuch as the petitioner has failed to demonstrate a clear legal right to this remedy which transcends a question of substantive or procedural law, and which could not otherwise be safeguarded through the alternative remedy of appeal *(see, Matter of Lipari v Owens,* 70 NY2d 731; *Matter of Rush v Mordue,* 68 NY2d 348; *Matter of Molea v Marasco,* 64 NY2d 718), the proceeding is dismissed. Mollen, P. J., Thompson, Harwood and Balletta, JJ., concur.