■ In the Matter of ANONYMOUS, Petitioner, v CHARLES F. CACCIABAUDO et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent Cacciabaudo, a Judge of the County Court, and any other Justice of the Supreme Court or Judge of the County Court in Suffolk County from enforcing an order of the County Court, Suffolk

County (Cacciabaudo, J.), dated June 29, 1989, which directed the petitioner to provide a sample of his blood at the Suffolk County Criminalistics Laboratory in connection with the investigation into the death of a named individual, and application by the petitioner to direct that the record of the instant proceeding be sealed.

Ordered that the application to seal the record of this proceeding is granted, without costs or disbursements; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements, and the temporary stay of all proceedings granted by Justice Lawrence in an order to show cause dated July 6, 1989, is vacated.

The extraordinary remedy of prohibition does not lie as a means of seeking collateral review of an alleged error of law in a pending criminal matter (see, Matter of Kramer v Rosenberger, 107 AD2d 748, 749). "Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569; accord, Matter of Rush v Mordue, 68 NY2d 348, 353). Moreover, even if prohibition lies and an act in excess of power is perceived, the remedy is not granted as of right but, rather, is within the sound discretion of the reviewing court (Matter of Holtzman v Goldman, supra).

Under the circumstances, we conclude that prohibition does not lie to obtain collateral review of an order directing a suspect in a homicide investigation to supply corporeal evidence (see, Matter of James N. v D'Amico, 139 AD2d 302; Matter of David M. v Dwyer, 107 AD2d 884). In the event of his ultimate conviction, the petitioner's remedy would be by direct appeal from the judgment (see, Matter of Lipari v Owens, 70 NY2d 731; Matter of Molea v Marasco, 64 NY2d 718). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.