■ In the Matter of ALBERT GRIFFIN, Petitioner, v MARIE SANTAGATA et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit any further proceedings in a criminal action against the petitioner entitled *People*

*v Albert Griffin,* under Nassau County indictment No. 73230, and for a change of venue of the criminal action.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of prohibition is available only where there is a clear legal right, and then, in cases where judicial authority is challenged, only when the court acts or threatens to act either without jurisdiction or in excess of its authorized powers *(see, Matter of Hynes v George,* 76 NY2d 500; *Matter of Holtzman v Goldman,* 71 NY2d 564, 569). Moreover, prohibition clearly does not lie if there is available an adequate remedy at law, by way of appeal or otherwise *(see, Matter of Molea v Marasco,* 64 NY2d 718), and thus, cannot be used as a means of seeking collateral review of an error of law in a pending criminal matter *(see, Matter of State of New York v King,* 36 NY2d 59; *Matter of Kramer v Rosenberger,* 107 AD2d 748, 749).

In this case, the Nassau County District Attorney clearly has jurisdiction to prosecute the petitioner under the subject indictment, the County Court clearly has jurisdiction to preside over the prosecution, and the denials of the petitioner's recusal motions are reviewable on direct appeal *(see, Matter of Borrell v Naro,* 153 AD2d 557). Likewise, the petitioner's challenge to the sufficiency of the indictment is not reviewable in a collateral proceeding. Thus, inasmuch as the petitioner has failed to demonstrate a clear legal right to the remedy of prohibition which transcends a question of substantive or procedural law, and which could not otherwise be safeguarded through the alternative remedy of appeal *(see, Matter of Borrell v Naro, supra,* at 558; *Matter of Lipari v Owens,* 70 NY2d 731), the proceeding must be dismissed.

To the extent that the petitioner requests a change of venue of the criminal action now pending against him in the County Court, Nassau County, which relief is not available in this CPLR article 78 proceeding, that branch of the application is dismissed *(see,* CPL 230.20 [2], [3]). Mangano, P. J., Thompson, Bracken, Brown and Lawrence, JJ., concur.