■ In the Matter of I. PETER VENEZIA, Respondent, v ADMINISTRATIVE ADJUDICATION BUREAU OF THE DEPARTMENT OF MOTOR VEHICLES, Appellant.—Casey, J. Appeal (transferred to

this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Owen, J.), entered November 21, 1989 in Orange County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to dismiss a Vehicle and Traffic Law charge against petitioner.

After petitioner was issued a complaint that directed him to appear before the Administrative Bureau of the Department of Motor Vehicles (see, Vehicle and Traffic Law art 2-A) to answer a charge that he had passed a red light in violation of Vehicle and Traffic Law § 1111 (d) (1), petitioner commenced this proceeding in the nature of prohibition, alleging, inter alia, that the summons was invalid because it contained neither the name nor the signature of the complainant. Respondent's answer included as an affirmative defense the claim that prohibition does not lie because petitioner had an adequate administrative remedy. The petition was granted and this appeal ensued.

Vehicle and Traffic Law § 226 (1) authorizes the Commissioner of the Department of Motor Vehicles to prescribe by regulation the form of the summons and complaint for certain traffic violations, including the one involved herein. The form of the complaint is prescribed by 15 NYCRR 122.2, and among the several substantive requirements imposed by the regulation are the complainant's name and the location of the violation. The complaint issued to petitioner contains spaces for both the complainant's signature and·printed name. Although these spaces appear to contain some markings, nothing resembling either a signature or a printed name can be discerned. The writing in the space provided for the place of the occurrence is also difficult to decipher.

Even assuming that the substantive requirements prescribed by the regulations are mandatory and the failure to include any one of the prescribed items renders the complaint invalid (cf., Matter of Ryder Truck Rental v Parking Violations Bur. of Transp. Admin., 62 NY2d 667; but see, 15 NYCRR 122.4 [a]) or that the absence of the complainant's signature invalidates the complaint (see, Matter of Reynolds v New York State Dept. of Motor Vehicles, 52 AD2d 1048), we nevertheless agree with respondent that prohibition does not lie. The relevant statutes (Vehicle and Traffic Law §§ 227, 228) and regulations (15 NYCRR parts 123, 124, 126) provide for an administrative hearing and appeal process, with judicial review of the final determination available pursuant to CPLR article 78. "Prohibition is not available to prevent administra-

tive action unless the agency is acting in a judicial or quasi-judicial capacity * * * and even then it is generally not appropriate if another avenue of judicial review may be pursued without irreparable injury to the applicant" *(Matter of American Tr. Ins. Co. v Corcoran,* 65 NY2d 828, 830 [citation omitted]). Where, as here, the claimed errors can be raised in an administrative hearing and appeal process and/or in a CPLR article 78 proceeding following a final determination, the courts have consistently denied relief in the nature of prohibition *(e.g., Matter of Hurwitz v New York City Commn. on Human Rights,* 159 AD2d 417, *lv denied* 76 NY2d 702; *Matter of Djavaheri v Axelrod,* 119 AD2d 967; *Matter of Rainka v Whalen,* 73 AD2d 731, *affd* 51 NY2d 973); petitioner's characterization of the errors as jurisdictional defects does not alter this result *(see, Town Bd. v Owen,* 127 AD2d 589). The judgment should, therefore, be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.