■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE GONZALEZ, Respondent.—Appeal by the People from so much of an order of the County Court, Westchester County (Carey, J.), entered May 22, 1990, as, upon reargument, adhered to its original determination dated March 8, 1990, granting that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, the branch of the motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent herewith.

The defendant was indicted by a Westchester County Grand Jury for two counts of operation of a motor vehicle while in an intoxicated condition as a felony (see, Vehicle and Traffic Law § 1192 [2], [3]) and criminal mischief in the third degree. During an unrelated case, an expert witness testified to the use and operation of an intoxilyzer. Two days later, the same Grand Jury heard the evidence relating to the defendant's

case and voted to indict him. The police officer who administered the intoxilyzer test to the defendant testified that an initial test solution placed in the machine registered 0.01 lower than anticipated. While he speculated that this was probably attributable to a defect in the solution, he also indicated that, if there was in fact a defect in the machine, the defendant, who registered a blood alcohol reading of 0.20, should have actually registered 0.21. The County Court, Westchester County, dismissed the indictment, holding that the expert witness should have testified at the conclusion of the defendant's case, not before, and that his failure to do so impaired the integrity of the Grand Jury process and perhaps resulted in actual prejudice to the defendant. We disagree.

It is well settled that a court has the authority to direct the prosecutor to present witnesses to a Grand Jury in a particular order (see, Matter of Morgenthau v Altman, 58 NY2d 1057; Matter of Kuriansky v Seewald, 148 AD2d 238). However, the courts of this State have repeatedly held that the issue as to whether a Grand Jury proceeding is defective hinges on the effect of the alleged error on the Grand Jury investigation and the resultant prejudice to the defendant (see, People v McCullough, 141 AD2d 856; see also, People v Di Falco, 44 NY2d 482; People v Thompson, 116 AD2d 377, 382). In this case, the failure to recall the expert witness or to have him testify after the evidence in the defendant's case was presented could not have changed the minds of the Grand Jurors regarding their decision to return an indictment (cf., People v McCullough, supra).

Moreover, we note that the Grand Jury was provided with a copy of CPL article 190 and was aware, or at least should have been aware, that they had the power to recall the expert witnesses if they had any additional questions for him after hearing the testimony of the police officer who administered the intoxilyzer test. The prosecutor's decision to have the expert witness testify first and then to present the evidence relating to the defendant's case was proper as long as it did not impair the integrity of the Grand Jury proceedings or risk prejudice to the defendant (see, People v Cade, 74 NY2d 410, 415), and, in this case, we perceive no danger of either.

The additional issues raised by the defendant are not properly before this court on an appeal taken by the People (see, People v Goodfriend, 64 NY2d 695; see also, People v Karp, 76 NY2d 1006). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.