■ In the Matter of CHARLES F. JACKSON, Petitioner, v KENNETH ROHL et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the respondents Suffolk County Supreme Court Justice Kenneth K. Rohl and Suffolk County District Attorney James M. Catterson from proceeding with the prosecution of the petitioner under Suffolk County Indictment Number 2318/91.

Adjudged that the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in

excess of its authorized powers" *(Matter of Holtzman v Gold-man,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353). Further, the extraordinary remedy of prohibition is not available if there exists an "adequate remedy, by way of appeal or otherwise" *(Matter of Molea v Marasco,* 64 NY2d 718, 720; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993). In the instant case, the denial of the petitioner's motions to dismiss the indictment based upon alleged Grand Jury irregularities would be subject to review on direct appeal from any judgment of conviction. The petitioner therefore has an adequate remedy at law, and prohibition is not available *(see, Matter of Lipari v Owens,* 70 NY2d 731; *Matter of Rush v Mordue, supra; Matter of Molea v Marasco, supra).* Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.