In the Matter of JOSEPH J. BERTI, Petitioner, v JAMES F. X. DOYLE, as Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to (1) prohibit the respondent Justice James F. X. Doyle from presiding over the petitioner's underlying matrimonial trial entitled *Berti v Berti,* pending in the Supreme Court, Suffolk County, under Index Number 88-2093, and (2) compel the respondent Justice Doyle, to recuse himself from any further proceedings in the petitioner's underlying matrimonial action.

Motion by the respondent Justice to dismiss the petition.

Ordered that the motion to dismiss is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Rush v Mordue,* 68 NY2d 348, 353). Further, the "extraordinary remedy of prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous" *(La Rocca v Lane,* 37 NY2d 575, 579, *cert denied* 424 US 968), nor is it available if there exists an adequate remedy, by way of appeal or otherwise *(Matter of Molea v Marasco,* 64 NY2d 718, 720; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief

818

sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioner here, in his petition to prevent the respondent Justice from presiding over the trial of his matrimonial action, has failed to demonstrate a clear legal right to either of these remedies or that alternative remedies are not available to him *(see, Matter of Lipari v Owens,* 70 NY2d 731; *Matter of Rush v Mordue, supra; Matter of Molea v Marasco, supra).* Balletta, J. P., Rosenblatt, Lawrence and Eiber, JJ., concur.