■ In the Matter of PAUL S. GALINSON, Petitioner, v ANGELO GRACI, as Acting Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus seeking an order (1) to prohibit the respondent, Justice Angelo Graci, from (a) directing any forensic or psychiatric evaluation of the petitioner, (b) enforcing his order dated March 3, 1992, which directed such an evaluation, (c) considering or making any finding with regard to the petitioner's fitness as a custodial parent until a decision is rendered on the issue of the existence of "extraordinary circumstances" in the underlying custody matter, and (d) enforcing or continuing the temporary custody of the child in question with the respondent maternal grandparents pending this proceeding, and (2) to compel the respondent Justice to render a decision on the underlying custody matter.

Adjudged that the petition is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is avail-

able only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Crain Communications v Hughes,* 74 NY2d 626, 627-628). Prohibition is never available "merely to correct or prevent trial errors of substantive law or procedure, however grievous" *(La Rocca v Love,* 37 NY2d 575, 579, *cert denied* 424 US 968), nor is it available in cases where an adequate remedy exists, whether by way of appeal or otherwise *(see, Matter of Molea v Marasco,* 64 NY2d 718, 720). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioner here has failed to demonstrate a clear legal right to either of these remedies which could not be safeguarded through alternative remedies *(see, Matter of Lipari v Owens,* 70 NY2d 731; *Matter of Rush v Mordue,* 68 NY2d 348, 353; *Matter of Molea v Marasco, supra).* Accordingly, the proceeding must be dismissed. Mangano, P. J., Thompson, Bracken, Harwood and Rosenblatt, JJ., concur.