■ In the Matter of GUILLERMO GRAHAM, Petitioner, v JOAN O'DWYER et al., Respondents. [604 NYS2d 199] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, seeking to prohibit the respondents from proceeding separately on Queens County Indictment Numbers 4184/91, 4316/91, 4319/91, and 4426/91, or proceeding separately on various counts thereof.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of prohibition is available only in those cases where a court acts or threatens to act either without jurisdiction or in excess of its authorized powers (e.g., Matter of Holtzman v Goldman, 71 NY2d 564, 569; Matter of

*Rush v Mordue,* 68 NY2d 348, 353). It is never appropriate merely to prevent or correct trial errors, whether of substantive or procedural law, however grievous *(see, La Rocca v Lane,* 37 NY2d 575, 579, *cert denied* 424 US 968), nor is it available when there exists an alternative remedy, whether by way of appeal or otherwise *(see, Matter of Molea v Marasco,* 64 NY2d 718, 720; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, *cert denied* 464 US 993). In the instant case, a determination to sever is discretionary with the court under CPL 200.20 (3), and may be subject to review on appeal of any judgment of conviction *(see, e.g., People v Lane,* 56 NY2d 1). As the court has not acted without jurisdiction or in excess of its authorized powers, and as the petitioner has an adequate remedy at law, the petition must be dismissed. Mangano, P. J., Thompson, Bracken, Sullivan and O'Brien, JJ., concur.