■ In the Matter of HOPETON MINOTT, Petitioner, v PETER M. LEAVITT, as Judge of the County Court of Westchester

County, et al., Respondents. [667 NYS2d 918] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus to prohibit the respondents from enforcing a judgment of the County Court, Westchester County (Leavitt, J.), rendered May 8, 1997, which vacated the original sentence imposed February 5, 1996, in the case of *People v Hopeton Minott* (Westchester County Indictment No. 1778-94), adjudicating the petitioner a youthful offender and placing him on probation for five years, unless sooner terminated by the court, subject to certain conditions, and resentenced him to an indeterminate term of three to nine years imprisonment, and to compel the respondents to reinstate the original sentence. Cross motion by the respondent Peter M. Leavitt to dismiss the petition.

Ordered that the cross motion is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of prohibition does not lie if an adequate remedy at law, by way of appeal or otherwise, is available (*see, Matter of Molea v Marasco,* 64 NY2d 718). It cannot be used as a means of seeking collateral review of an error of law alleged to have occurred in a criminal proceeding (*see, Matter of Hennessy v Gorman,* 58 NY2d 806; *Matter of Mulvaney v Dubin,* 55 NY2d 668; *Matter of State of New York v King,* 36 NY2d 59). Here, since the petitioner has a wholly adequate method to review his claims by means of an appeal from the resentence, the petition is denied and the proceeding is dismissed. Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.