■ In the Matter of DANIEL TEPPER, Petitioner, v ARTHUR LONSCHEIN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [675 NYS2d 898] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, in effect, *inter alia,* to prohibit the respondent Arthur Lonschein, a Justice of the Supreme Court, from enforcing against the

petitioner a temporary restraining order contained in an order to show cause signed by the respondent Justice on December 31, 1997, in the underlying action entitled *Fidelity Holdings, Inc. v Progressive Polymerics International, Inc.,* Index No. 13505/96, presently pending in the Supreme Court, Queens County.

Ordered that the proceeding is converted to an application pursuant to CPLR 5704 (a) to vacate the temporary restraining order contained in the order to show cause dated December 31, 1997, in the underlying action insofar as it purports to restrain the petitioner, the application is granted, without costs or disbursements, and the temporary restraining order contained in the order to show cause dated December 31, 1997, is vacated.

It is well settled that the extraordinary remedy of prohibition "does not lie, even if there has been an excess of jurisdiction, if there is available an adequate remedy, by way of appeal or otherwise" (*Matter of Molea v Marasco,* 64 NY2d 718, 720; *Matter of State of New York v King,* 36 NY2d 59, 62).

The petitioner is not a party to the underlying action between Fidelity Holdings, Inc. and Progressive Polymetrics International, Inc., which is presently pending in the Supreme Court, Queens County, under Index No. 13505/96. Accordingly, so much of the temporary restraining order contained in the order to show cause dated December 31, 1997, as purports to restrain him was improperly granted by the respondent Justice (*see,* CPLR 6301, 6313 [a]). However, as the petitioner has available an adequate remedy to correct this error, i.e., an application pursuant to CPLR 5704 (a) to vacate the temporary restraining order, we deem the proceeding to be such an application pursuant to CPLR 5704 (a), grant the application, and vacate the restraint. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.