■ In the Matter of LISA STRAX, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [777 NYS2d 709]—

In a proceeding pursuant to CPLR article 78 to compel the dismissal of Uniform Traffic Ticket number LI178827-5 or to direct the New York State Department of Motor Vehicles to provide the petitioner with a copy of a supporting deposition in connection with that traffic ticket, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), dated June 16, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Assuming that the simplified traffic information in the present case was subject to dismissal based on the failure of the police officer who issued it to serve or file a supporting deposition within 30 days after the receipt by the Nassau County Traffic and Parking Violations Agency (hereinafter the NCTPVA) of the petitioner's timely request for such a supporting deposition (*see* CPL 100.10 [2] [a]; 100.25 [2]; 100.40 [2]; 170.30 [1] [a]; 170.35 [1] [a]; Vehicle and Traffic Law § 1690 [1], [3]; *People v Tyler* 1 NY3d 493 [2004]; *People v Titus,* 178 Misc 2d 687 [1998], overruling *People v Schuttinger,* 143 Misc 2d 1032 [1989]), the denial by the NCTPVA of the petitioner's motion to dismiss the simplified traffic information on this ground is not reviewable in a collateral proceeding (*see generally Matter of State of New York*

*v King,* 36 NY2d 59, 62 [1975]; *Matter of Griffin v Santagata,* 168 AD2d 557 [1990]; *see also Matter of Venezia v Administrative Adjudication Bur. of Dept. of Motor Vehs.,* 169 AD2d 1033 [1991]).

The proceeding was also properly dismissed as against the New York State Department of Motor Vehicles, an agency that is entirely separate from the NCTPVA, which is a department of the County of Nassau (*see* General Municipal Law § 370 [2]). Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.