■ In the Matter of PHILIP R. SIMS, Petitioner, v SARA SHELDON SPERRAZZA et al., Respondents. [793 NYS2d 651]—Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent Sara Sheldon Sperrazza, Niagara County Court Judge, under the Sex Offender Registration Act. Judge Sperrazza had determined that petitioner is a risk level two sex offender.

It is hereby ordered that said amended petition be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original proceeding pursuant to CPLR article 78 seeking to annul a determination of respondent Sara Sheldon Sperrazza, Niagara County Court Judge, that petitioner is a level two risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We conclude that the amended petition must be dismissed.

A writ of prohibition is an improper vehicle for granting petitioner the relief he is seeking. "Prohibition lies where there is a clear legal right and where a court acts without or in excess of jurisdiction over the subject matter, but does not lie, even if there has been an excess of jurisdiction, if there is available an adequate remedy, by way of appeal or otherwise" (*Matter of Molea v Marasco*, 64 NY2d 718, 720 [1984]; *see Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]; *Matter of Van Wie v Kirk*, 244 AD2d 13, 24 [1998]; *cf. Matter of Pirro v Angiolillo*, 89 NY2d 351, 359 [1996]). Here, there exists an adequate remedy by way of an appeal of County Court's order determining petitioner's risk level (*see* Correction Law § 168-d [3]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.