Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to bar enforcement of an order of the Supreme Court, Queens County (Cooperman, J.), dated November 10, 2009, in a criminal action entitled People v Sheehan, pending in the Supreme Court, Queens County, under indictment No. 1124/08, which, inter alia, granted those branches of the People’s motion which were to preclude the petitioner Barbara Sheehan from offering psychiatric and/or psychological evidence at the trial and to impose monetary sanctions on the petitioner Michael G. Dowd to reimburse the Queens County District Attorney’s Office in the sum of $1,912.50 for the professional service fees incurred for the People’s psychiatric expert’s time incurred for the court-ordered continued examination of the petitioner.
Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.
The extraordinary writ of prohibition is available only where there exists a clear legal right, and only in those cases where a court acts or threatens to act in excess of its authorized powers (see Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]). It is never available “merely to correct or prevent trial errors of substantive law or procedure, however grievous” (La Rocca v Lane, 37 NY2d 575, 579 [1975], cert denied 424 US 968 [1976]), nor is it available if there exists an adequate remedy by way of appeal or otherwise (see Matter of Molea v Marasco, 64 NY2d 718, 720 [1984]; Matter of Morgenthau v Erlbaum, 59 NY2d 143 [1983], cert denied 464 US 993 [1983]).
Here, the court’s order of preclusion was within its discretion and may be subject to review, unless waived, on appeal from any *631 judgment of conviction (see CPL 250.10 [5]). With respect to that portion of the order which granted that branch of the People’s motion which was to impose monetary sanctions on the petitioner Michael G. Dowd to reimburse the People for professional services rendered by the People’s expert, upon weighing the relevant factors and in the exercise of our discretion, we decline to grant the relief requested (see generally Matter of Holtzman v Goldman, 71 NY2d at 569; Matter of Rush v Mordue, 68 NY2d at 353; La Rocca v Lane, 37 NY2d at 579). Skelos, J.P., Eng, Hall and Lott, JJ., concur.