OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division granting the petition prohibiting the removal of counsel and directing the postponement of defendant Lipari’s trial should be reversed, without costs, and the petition should be dismissed.
Lipari was arraigned on charges of attempted murder, second degree, and assault, first degree, on September 19, 1985. In the ensuing 22 months, his case was adjourned 19 times, with all but one adjournment due to defense counsel unavailability. On eight scheduled court dates, Lipari’s counsel failed to appear and, on a number of other occasions, he represented he would be available for trial on subsequent dates. The matter has twice been put down for trial with the second of these dates characterized as the "final trial date”. When counsel failed to appear on the final trial date, after he said he would be available and after the trial court had warned Lipari to appear ready for trial on that date, the Trial Justice ordered that counsel be relieved, that counsel refund the unearned portion of the retainer, and that Lipari acquire new counsel. Lipari brought a petition in the Appellate Division which issued a writ prohibiting the Trial Justice and the District Attorney from interfering in the representation by retained counsel of defendant’s choice.
The extraordinary remedy of prohibition "is available both to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction” (LaRocca v Lane, 37 NY2d 575, 578-579). "[E]ven if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal *733 is but one” (Matter of State of New York v King, 36 NY2d 59, 62).
Determinations regarding questions of the timely and proper trial of a case are squarely within the power and jurisdiction of the trial court (People v Anthony M., 63 NY2d 270). Furthermore, even if alleged error of constitutional dimension may be involved, prohibition does not lie because the removal of counsel would be reviewable upon direct appeal.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment reversed, etc.