(September 22, 1987)

■ In the Matter of JASON LADONE et al., Petitioners, v THOMAS A. DEMAKOS, as Justice of the Supreme Court of the State of New York, County of Queens, Respondent.—Proceeding pursuant to CPLR article 78 to prohibit the enforcement of an order of the Supreme Court, Queens County (Demakos, J.), dated September 21, 1987, which directed the attorneys for the petitioners, the defendants in a criminal action under Queens County indictment number 890/87, to respond to any further allegations that they are exercising peremptory challenges against black jurors on the ground of group bias alone, and to articulate a neutral explanation for the use of such peremptory challenges.

Adjudged that the proceeding is dismissed, without costs or disbursements.

This proceeding in the nature of prohibition pursuant to CPLR article 78 was instituted by the petitioners in order to secure review of the Trial Justice's ruling regarding the petitioners' exercise of peremptory challenges. The Special Prosecutor in the criminal action alleged that the jury selection process had revealed that defense counsel were exercising their peremptory challenges to purposefully exclude blacks from the jury. The trial court ruled that the rationale of *Batson v Kentucky* (476 US 79, 106 S Ct 1712), prohibiting prosecutors from using peremptory challenges on the basis of race, was applicable to the defense. It consequently ruled that a prosecutor has the right to object to the "misuse of peremptory challenges on the part of defense counsel". Upon a review of the voir dire minutes and a consideration of the totality of the circumstances of the case, including its own observations, the court determined that a "prima facie case has been made out that the defense are using their premptory *[sic]* challenges to strike jurors on the ground of group bias alone". The Trial Justice thus held that the defense would be required to articulate a "neutral explanation" for the use of such peremptory challenges in response to any further allegations of purposeful discrimination.

As recently as last week, the Court of Appeals stated that:

"[t]he extraordinary remedy of prohibition 'is available both to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction' *(LaRocca v Lane,* 37 NY2d 575, 578-579). [However,] '[e]ven if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal is but one' *(Matter of State of New York v King,* 36 NY2d 59, 62) * * *

"Furthermore, even if alleged error of constitutional dimension may be involved, prohibition does not lie because the [alleged error] would be reviewable upon direct appeal" *(Matter of Lipari v Owens,* 70 NY2d 731, 732-733).

The principles governing the issuance of a writ of prohibition and a consideration of the relevant factors *(see, LaRocca v Lane, supra,* at 579-580) compel us to conclude that prohibition does not lie in this case because of the availability of an adequate remedy at law, i.e., appeal *(see, Matter of Lipari v Owens, supra).* Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.