■ In the Matter of TERENCE J. MURPHY, Petitioner, v FRANCIS A. NICOLAI et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondents, a Judge of the County Court of Westchester County and the Westchester County District Attorney, from proceeding to trial on counts one, three, four, five and six of Westchester County indictment Number 87-01580-01, in which the petitioner has moved to stay the imposition of sentence.

Adjudged that the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the motion is denied.

On January 31, 1990, petitioner was found guilty of each of the seven counts contained in Westchester County indictment Number 87-01580-01. His conviction renders the instant CPLR article 78 proceeding academic. To the extent that the petition may be construed as an application to prohibit the imposition of sentence, it must also be denied. CPL 380.20 mandates that the trial court pronounce sentence in every case where a conviction is entered. At this juncture, staying the imposition of sentence would merely delay the petitioner's right to have his claims considered on direct appeal. The extraordinary remedy of a writ of prohibition does not properly lie in view of

the availability of an adequate remedy at law *(see, Matter of Lipari v Owens,* 70 NY2d 731; *Matter of Molea v Marasco,* 64 NY2d 718).* Mangano, J. P., Bracken, Lawrence, Eiber and Sullivan, JJ., concur.