■ In the Matter of MICHAEL P. BARRETT, Petitioner, v FRANCIS J. VOGT, as Acting County Judge of Rensselaer County, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b]) to, *inter alia,* prohibit respondent County Judge from disqualifying Stephen Coffey as petitioner's attorney in a criminal action against petitioner.

Petitioner was initially indicted by a Rensselaer County Grand Jury in October 1987 on various charges including bribery and conspiracy. This indictment was ultimately dismissed because of a fundamental defect in the Grand Jury proceedings *(People v Barrett,* 73 NY2d 84) and petitioner was subsequently reindicted by a new Grand Jury on the same charges. Thereafter, in the course of pretrial motions, the People requested the disqualification of petitioner's attorney, Stephen Coffey, pursuant to Code of Professional Responsibility DR 5-102 (B).[1] The basis for the People's argument was that Brian Premo, one of the associates in Coffey's law firm, had interviewed one of petitioner's codefendants[2] on more than one occasion during Premo's former employment with the Rensselaer County District Attorney's office as an Assistant District Attorney. Further, Premo had testified before the Grand Jury concerning these interviews. As a result, the prosecutor maintained that it was his intention to call Premo as a prosecution witness at trial and the conflict of interest was inherent in Coffey's continued representation. County Court granted the motion to disqualify Coffey and directed petitioner to secure new counsel. Petitioner's motion to reargue was denied and petitioner thereafter commenced this CPLR article 78 proceeding in the nature of prohibition.

1. Code of Professional Responsibility DR 5-102 (B) provides: "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm *may* be called as a witness other than on behalf of his client, he may continue the representation *until* it is apparent that his testimony is or *may* be prejudicial to his client" (emphasis supplied).

2. A more detailed recitation of the facts underlying the criminal proceeding can be found in *People v Barrett (supra,* at 86-87).

The petition must be dismissed. Even if an error of allegedly constitutional dimension is involved here, "prohibition does not lie because the removal of counsel would be reviewable upon direct appeal" *(Matter of Lipari v Owens,* 70 NY2d 731, 733).

Petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.