■ In the Matter of RALPH BULL et al., Petitioners, v THADDEUS OWENS, Respondent. [595 NYS2d 535] —Proceeding pursuant to CPLR article 78, to prohibit the respondent, a Supreme Court Justice, from enforcing an order dated February 5, 1993, which (1) "removed" the petitioners Dawn M. Cardi and Ronald B. McGuire from their representation of the petitioner Ralph Bull in a pending criminal action against

him under Kings County Indictment No. 12998/90, (2) directed the petitioners Cardi and McGuire to refund any unearned portions of their retainer fees, and (3) directed the petitioner Bull to "acquire new counsel" by February 16, 1993.

Motion by the New York State Association of Criminal Defense Lawyers for leave to appear as amicus curiae in the instant proceeding.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the temporary restraining order contained in an order to show cause dated February 16, 1993, is vacated; and it is further,

Ordered that the motion by the New York State Association of Criminal Defense Lawyers for leave to appear as amicus curaie is denied.

It is well settled that the extraordinary remedy of prohibition is "available both to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction" *(La Rocca v Lane,* 37 NY2d 575, 578-579). It is likewise settled, however, that this remedy is never available merely to correct or prevent trial errors of substantive law or procedure, no matter how grievous *(see, Matter of State of New York v King,* 36 NY2d 59, 62). Moreover, "even if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal is but one" *(Matter of State of New York v King, supra,* at 62).

The question raised by this proceeding, to wit, whether or not the extraordinary remedy of prohibition is available to enjoin the trial court from relieving retained counsel in a criminal action, has previously been addressed by the Court of Appeals in *Matter of Lipari v Owens* (70 NY2d 731, 733). There, the Court stated: "Determinations regarding questions of the timely and proper trial of a case are squarely within the power and jurisdiction of the trial court *(People v Anthony M.,* 63 NY2d 270). Furthermore, even if alleged error of constitutional dimension may be involved, prohibition does not lie because the removal of counsel would be reviewable upon direct appeal" *(Matter of Lipari v Owens, supra,* at 733). While the events leading up to the trial court's order relieving retained counsel in the *Lipari* case are in many ways distinguishable from the facts of the instant case, the remedy of prohibition is nonetheless equally unavailable as there is

clearly an adequate remedy at law for review of the removal of counsel. Accordingly, the proceeding is dismissed. Thompson, J. P., Bracken, Sullivan, Balletta and Rosenblatt, JJ., concur.