■ In the Matter of THOMAS HIGGINS, Petitioner, v RENA K. UVILLER, Respondent. [616 NYS2d 190] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to prohibit Justice Uviller from presiding over the petitioner's application pursuant to CPL 440.10, or, alternatively, to compel Justice Uviller to grant the application.

Upon the petition and papers filed in support of the proceeding, and the papers filed in opposition thereto, it is

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

The petitioner here has failed to demonstrate a clear legal right to the relief sought. Further, the petitioner may seek

leave to appeal from any order denying his application pursuant to CPL 440.10. Thus, his rights may be safeguarded through alternative remedies *(see, Matter of Lipari v Owens, 70 NY2d 731; Matter of Rush v Mordue, supra; Matter of Molea v Marasco, 64 NY2d 718)*. Accordingly, the proceeding is dismissed. Mangano, P. J., Thompson, Miller and Lawrence, JJ., concur.