Mark GENTNER, Frederick McMillan, Joseph Davis, Jerome K. Frost, Brian E. Donohue, David J. Kavanaugh, Frost & Donohue, P.C., Plaintiffs–Appellants,

v.

Morton D. SHULMAN, in his capacity as a town justice of the Town of Sand Lake, New York, Henry R. Bauer, in his capacity as a city court judge of the City of Troy, New York, Patrick J. McGrath, in his capacity as the county court judge of the County of Rensselaer, New York, Defendants–Appellees.

No. 753, Docket 94–7625.

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1995.

Decided May 19, 1995.

**88**

Brian E. Donohue, Troy, NY (Jerome K. Frost, Frost & Donohue, Troy, NY, of counsel), for plaintiffs-appellants.

John McConnell, Asst. Atty. Gen., Albany, NY (G. Oliver Koppell, Atty. Gen. of the State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Peter G. Crary, Asst. Atty. Gen., Albany, NY, of counsel), for defendants-appellees Bauer and McGrath.

Kevin R. Brook, Read & Laniado, Albany, NY, for defendant-appellee Shulman.

Before: NEWMAN, Chief Judge, VAN GRAAFEILAND and COFFIN,\* Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Plaintiffs appeal from an order of the United States District Court for the Northern District of New York (McAvoy, C.J.) denying their motion for a preliminary injunction. Three of the plaintiffs, Mark Gentner, Frederick McMillan and Joseph Davis, are defendants in various criminal actions in state courts of Rensselaer County, New York. The remaining plaintiffs are their attorneys. Defendants are the presiding judges. Plaintiffs seek to bar enforcement of rulings by the three judges disqualifying plaintiff attorneys from representing plaintiff clients in the pending state proceedings. Instead of reach-

ing the merits, as the district court did, we vacate the district court's order and remand with instructions that the case be dismissed for lack of jurisdiction.

The case arises from the election of attorney Donohue's wife, Mary, as the District Attorney of Rensselaer County. Shortly after taking office, Ms. Donohue requested an opinion from the Committee on Professional Ethics of the New York State Bar Association as to whether it was proper for a district attorney or her office to prosecute a criminal case in which the defendant was represented by the district attorney's spouse or his law firm. On December 22, 1993, the Ethics Committee issued an opinion stating in substance that it was not proper. Relying principally upon the ethics opinion, the defendant judges disqualified sua sponte the plaintiff attorneys, all members of Brian Donohue's law firm, Frost & Donohue, from representing the plaintiff clients in the matters before them.

Plaintiffs promptly commenced this action in federal court. Asserting federal claims under § 1983 and the Sixth and Fourteenth Amendments, they sought an injunction prohibiting this disqualification and a declaration as to the propriety of disqualifications in future similar circumstances. Plaintiffs also sought a preliminary injunction preventing the defendants from disqualifying plaintiff attorneys during the pendency of the federal action. Defendants asserted various jurisdictional defenses which the district court rejected. However, the court denied plaintiffs' application for the preliminary injunction on the ground that, although plaintiffs had shown irreparable harm, they had failed to demonstrate a likelihood of success on the merits. Because we reach a different conclusion than did the district court on the issue of jurisdiction, we will confine our discussion to that issue.

■ When the defendants disqualified the plaintiff attorneys from representing the plaintiff clients, the plaintiffs did not request a further hearing on the issue. Neither did

\* The Honorable Frank M. Coffin, Senior Circuit Judge for the United States Court of Appeals, First Circuit, sitting by designation.

they move for reconsideration or reargument. Instead, they commenced this action in federal district court. In essence, they sought an appeal in federal court from the state court decisions. Such relief is barred by the *Rooker–Feldman* doctrine, which derives from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under that doctrine, federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature. *See, e.g., Port Authority Police Benevolent Ass'n v. Port Authority of New York and New Jersey Police Dep't*, 973 F.2d 169, 177–79 (3d Cir.1992); *Lancellotti v. Fay*, 909 F.2d 15, 17 (1st Cir.1990); *Keene Corp. v. Cass*, 908 F.2d 293, 296–97 & n. 2 (8th Cir. 1990).

■ The district court held that the *Rooker–Feldman* doctrine was inapplicable on the grounds that "[n]o hearing on the merits was held and the plaintiffs had no full or fair opportunity to present an argument to the judges that the attorneys should not be disqualified." We disagree. The law was clear and the facts were undisputed. A trial judge is required to take measures against unethical conduct occurring in connection with any proceeding before him. *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir.1980). It is his duty and responsibility to disqualify counsel for unethical conduct prejudicial to counsel's adversary. *Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 271 (2d Cir.1975). It was not the prerogative of the district court to pass upon the state judges' exercise of that duty in the instant case.

■ The absence of a hearing did not deprive the state courts' orders of a binding effect. Until reversed on appeal, the orders were binding. Plaintiffs have a state remedy, albeit one that may be delayed, i.e., reversal of judgments of conviction on direct appeal. *See, e.g., Lipari v. Owens*, 70 N.Y.2d 731, 733, 519 N.Y.S.2d 958, 514 N.E.2d 378 (1987) (mem.); *Bull v. Owens*, 191 A.D.2d 692, 693–94, 595 N.Y.S.2d 535 (1993) (mem.); *Barrett v. Vogt*, 170 A.D.2d 860, 861, 566

N.Y.S.2d 682 (1991) (mem.). Permitting appellants to secure relief below would be to give them greater standing than they would have in state appellate courts or than an attorney disqualified in a United States District Court criminal case would have in a United States Court of Appeals. *See Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). This the *Rooker–Feldman* doctrine does not permit.

Defendants also argue that the district court should have abstained from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "The core of the rule laid down in *Younger v. Harris* ... is that a federal court, in the absence of unusual circumstances, cannot interfere with a pending state criminal prosecution." 17A Wright, Miller & Cooper, *Federal Practice and Procedure* § 4252, at 193–95 (2d ed. 1988) (footnotes omitted). Although the interference at stake in *Younger* was an injunction against prosecution, the doctrine is not so limited. It has been extended to civil proceedings. *See CECOS Int'l, Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir.1990) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)). Moreover, it has not been limited to injunctions against the proceedings themselves. *See Perez v. Ledesma*, 401 U.S. 82, 84–85, 91 S.Ct. 674, 676–77, 27 L.Ed.2d 701 (1971) (barring review of the propriety of arrests and admissibility of evidence).

■ In order for *Younger* abstention to be invoked, the following three questions must be answered in the affirmative:

(1) is there an ongoing state proceeding; (2) is an important state interest implicated; (3) does the plaintiff have an avenue open for review of constitutional claims in the state court?

*CECOS Int'l, supra*, 895 F.2d at 70 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)). In the instant case, the correct answer to each question is "yes."

There are ongoing state proceedings with which plaintiffs ask us to interfere, i.e., the criminal prosecutions. An important state

interest is implicated, i.e., "maintaining and assuring the professional conduct of the attorneys [that the state] licenses." *Middlesex County Ethics Comm.,* 457 U.S. at 434, 102 S.Ct. at 2522. Finally, the constitutional claims are reviewable upon appeal from final judgments of conviction. *Lipari, supra,* 70 N.Y.2d at 733, 519 N.Y.S.2d 958, 514 N.E.2d 378.

The district court should have refused to assume jurisdiction under either the *Rooker–Feldman* doctrine or the *Younger* abstention doctrine. Accordingly, we vacate the district court's order and remand with instructions that the case be dismissed.