Heinke P. ASHTON, Plaintiff,

v.

Deputy Sheriff Lawrence F. CAFERO, et al., Defendants.

No. 3:95cv663.

United States District Court, D. Connecticut.

March 18, 1996.

Heinke P. Ashton, Washington, CT, Pro Se Plaintiff.

Marcia J. Gleeson, Sack, Spector & Barrett, West Hartford, CT, Michael J. Lanoue, Attorney General's Office, Hartford, CT, for Defendant, Lawrence F. Cafero.

Henry S. Cohn, Attorney General's Office, Hartford, CT, for Defendant, Deborah Lieman.

Mark F. Katz, Stamford, CT, Pro Se Defendant.

Mark F. Katz, Stamford, CT, for Defendant, John F. Ashton.

Elliot B. Spector, Karyl Carrasquilla, Sack, Spector & Barrett, West Hartford, CT, for Defendant, Westport Police Department.

Ronald D. Japha, Gordon & Scalo, Bridgeport, CT, for Defendant, Gordon & Scalo, P.C.

## RULING ON PENDING MOTIONS TO DISMISS

DORSEY, Chief Judge.

Plaintiff, *pro se,* claims violations of 42 U.S.C. §§ 1983 and 1985 and the Connecticut Constitution, as well as intentional infliction of emotional and physical distress stemming from the seizure of certain items from her home pursuant to a state court order. All defendants move to dismiss the complaint.

### I. BACKGROUND FACTS

On October 15, 1991, the Connecticut Superior Court granted a matrimonial dissolution to plaintiff and her now ex-husband, defendant John F. Ashton ("Ashton"). On January 21, 1992, plaintiff appealed. According to the court transcript, on June 25, 1992, the Superior Court heard defendant attorney Mark Katz ("Katz") in reference to certain orders regarding Ashton's retrieval of personal property which plaintiff had locked in her separate wing of the marital home. Plaintiff was subpoenaed to appear. She filed an objection and did not appear. Plaintiff was ordered to return four cartons of material to Ashton forthwith. The sheriff was to be present when Ashton retrieved the cartons. Katz drafted the order of the court, which was signed by defendant Debra Lieman ("Lieman"), assistant clerk.

Plaintiff was served with the order by defendant Deputy Sheriff Lawrence D. Cafero ("Cafero"). Plaintiff alleges that against her protests, and under the order and supervision of Cafero, the dog warden, the Westport police, and Ashton, a locksmith entered plaintiff's locked rooms to retrieve the cartons.

Plaintiff alleges that the Superior Court did not have jurisdiction to enter the order of June 25, 1992 because her January appeal deprived the court of jurisdiction. She also alleges that the order of the court in open court and the written order signed by Lieman were in conflict. Thus, she alleges that defendants violated her right to be free from illegal search and seizure and from deprivation of her property without due process of law. She also alleges intentional infliction of emotional and physical distress.

## II. DISCUSSION

 Defendants argue that the action should be dismissed because, in essence, this case is an appeal of a state court decision.[1] Under the *Rooker–Feldman* doctrine, a federal district court lacks jurisdiction to review challenges to final and interlocutory state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983); *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir.1995).[2] Review of state court decisions in judicial proceedings ultimately is the province of the United States Supreme Court, even if the action challenges the constitutionality of the state court action. *Feldman*, 460 U.S. at 486, 103 S.Ct. at 1317.

 *Rooker–Feldman* applies not only to decisions of the highest state courts, but also to decisions of lower state courts. "[I]f federal district courts are precluded, as they are, from reviewing the decisions of a state's highest court ... then federal district courts are certainly also precluded from reviewing decisions of lower state courts, which are subject to correction and modification within the state court system." *Port Auth. Police Benevolent Assoc. Inc. v. Port Auth. of N.Y. & N.J. Police Dept.*, 973 F.2d 169, 177 (3d Cir.1992). Thus, *Rooker–Feldman* has precluded federal district court review of state trial court decisions not appealed to the highest state court. *See, e.g., id.* (doctrine precludes review of preliminary injunction not appealed in state court); *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.1995) (doctrine bars review of § 1983 claims based on orders in various underlying trial court actions not appealed in state court); *Alpern v.*

Lieb, 38 F.3d 933, 934 (7th Cir.1994) (doctrine bars plaintiff's suit against former wife, her attorney and state judge in divorce action not appealed in state court).

 District court review is improper " '[i]f the constitutional claims presented to a United States district court are inextricably intertwined' with the merits of a judgment rendered in state court." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (citing *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1316 n. 16). A federal claim is "inextricably intertwined" with the state-court judgment if it succeeds only to the extent that the state court determined the issues before it erroneously. *Pennzoil Co. v. Texaco Inc.*, 481 U.S. at 25, 107 S.Ct. at 1533; *see Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995).

Plaintiff's alleged constitutional violations are "inextricably intertwined" with the Superior Court order. Plaintiff alleges the Superior Court did not have jurisdiction to enter the order regarding return of the materials. A finding of jurisdiction is implicit in the decision to issue the order. Invalidity of the order, based on the alleged lack of jurisdiction forms the basis for the constitutional violations alleged against all defendants.[3] Plaintiff's claims of constitutional violations wholly depend on her claim that the Superior Court's finding of jurisdiction was erroneous. That is a matter to be resolved in the state courts as mandated by *Rooker–Feldman*.

## III. CONCLUSION

Accordingly, defendants' motions to dismiss (docs. 8, 20, 25, 28, 32) are granted. Defendant Cafero's motion to dismiss for fail-

---

1. Although not all defendants move to dismiss for lack of subject matter jurisdiction, the court is obligated to determine jurisdiction *sua sponte* if appropriate. 2A James W. Moore, *Moore's Federal Practice* ¶ 12.07[2.–1] (2d ed. 1995).

2. Although defendants also cite *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), as an additional reason for abstaining from entertaining this action, plaintiff has not requested an injunction of any pending state court proceeding, and thus *Younger* and its progeny are inapplicable. *See, generally, id.*

3. Plaintiff also contends that the order made in open court and the written order entered by Lieman were in conflict and thus was unconstitutional. The written order reflects the order made in open court. The judge ordered a sheriff present when Ashton retrieved the materials so that there would not be a breach of the peace. Thus, the written order that the sheriff "physically retrieve" the materials was in keeping with the order of the court.

ure to comply with an order of the court (doc. 52) is denied as moot.

SO ORDERED.