Robert CLAVIN, Plaintiff,

v.

Linda POST, individually, Carl Helstrom, individually, Frank Pettine, individually, and the Town of Montgomery, New York, Defendants.

No. 96 Civ. 7828(BDP).

United States District Court, S.D. New York.

Jan. 23, 1998.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for Plaintiff.

Mark N. Reinharz, Rains & Pogrebin, Mineola, NY, Daniel J. Schneider, Drake, Sommers, Loeb, Tarshis, & Catania, P.C., Newburgh, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff Robert Clavin has asserted claims against defendants Linda Post, Carl Helstrom, and Frank Pettine (collectively, the "individual defendants"), and the Town of Montgomery, New York (the "Town"), pursuant to 42 U.S.C. §§ 1983 and 1985. Clavin, a former police officer employed by the Town, alleged violations of his Fourteenth Amendment due process rights and his First Amendment rights to freedom of speech and to petition the government for a redress of grievances.

During the principal events giving rise to this suit, Linda Post was the Officer-in-Charge at the Town's police department, a position from which she supervised plaintiff. Carl Helstrom was the Town Supervisor and Frank Pettine was a Sergeant in the police department. Defendants have moved, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), to dismiss the complaint.[1] Defendants also request that the Court exercise its discretion to award attorney's fees pursuant to 42 U.S.C. § 1988.[2] For the reasons that follow, the defendants' motion is granted. However, the Court declines to sanction plaintiff's counsel or to award attorney's fees.

1. Defendants put forth four separate arguments in support of their motion. First, defendants contend that the Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. Second, defendants argue that plaintiff's claims are barred by the doctrine of collateral estoppel. Third, defendants assert that plaintiff has not stated a claim on which relief can be granted. Fourth, defendants argue that the individual defendants are shielded from liability by the doctrine of qualified immunity. Because the Court's decision is based on the doctrine of *Rooker–Feldman,* the defendants' other contentions are not addressed.

### BACKGROUND

In considering a motion to dismiss a complaint, the Court must accept as true the material allegations in the complaint and construe them in favor of the plaintiff.[3] *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wolff v. City of New York Financial Services Agency,* 939 F.Supp. 258, 263 (S.D.N.Y.1996). The following facts have been construed accordingly.

Plaintiff Robert Clavin was appointed a part-time police officer in the Town in June 1989, and became a full-time officer in August 1991. On August 10, 1995, Linda Post, as the Officer-in-Charge, filed disciplinary charges against Clavin containing 16 allegations of misconduct, incompetence, and insubordination. Clavin was then suspended without pay pending resolution of the charges. After Clavin filed an answer approximately one week later, amended charges were served on August 24, 1995 containing 17 allegations of misconduct. The charges alleged, among other things, that plaintiff shared confidential information with civilians not authorized to obtain such information, concealed the results of one of two Breathalyzer examinations performed on a driver, issued a ticket for a violation he did not observe, unreasonably detained several drivers and treated them inappropriately, misrepresented his hours worked, and made inappropriate statements to third parties about the Town's police department.

In his responses to both the initial charges and the amended charges, Clavin contended that one of the charges arising from statements he made violated his constitutionally protected right to freedom of speech. Clavin

2. Additionally, the defendants request that the plaintiff be sanctioned pursuant to Fed.R.Civ.P. 11. Because the defendants' request does not comply with the requirements of Rule 11, the Court has not addressed this issue.

3. The Court takes judicial notice of the Record on Review filed with the Appellate Division, Second Department in *Clavin v. Town of Montgomery,* Index No. 96–07898. *See Marcus v. AT & T Corp.,* 938 F.Supp. 1158, 1164–65 (S.D.N.Y.1996) (court may take judicial notice of public documents even if not included in or attached to the complaint).

also responded that the charges were "illegally instituted."

The charges were heard by a Hearing Officer in November 1995, during a three day hearing at which Clavin was represented by counsel and had the opportunity to call and to cross-examine witnesses. Prior to the hearing, Clavin, in response to his Demand for a Bill of Particulars, was provided with a variety of materials in support of the charges. Specifically, Clavin was given, among other things, copies of the written statements of all of the individuals who had filed complaints against him, copies of notes taken by Post in connection with the conduct that formed the basis of the charges, and copies of statements or memoranda of other officers, including defendant Pettine, in support of the charges. At the hearing, the Town offered the testimony of 12 witnesses, both civilians and police officers, and introduced numerous documentary exhibits. Plaintiff testified in his own behalf, called one of his attorneys as a witness and introduced documentary evidence.

The testimony presented during the hearing included evidence that Clavin had made comments to various individuals about problems he was having in the police department and had criticized defendant Post. Two of the charges of which Clavin was found guilty concerned statements Clavin made expressing dissatisfaction with defendant Post.

The Hearing Officer, by decision dated November 29, 1995, found Clavin guilty of 13 of the charges (including those arising from statements Clavin had made) and recommended that his employment be terminated. By resolution of December 12, 1995, the Town Board, after reviewing the report and recommendation of the Hearing Officer and the record of the proceedings, adopted the findings of fact of the Hearing Officer and voted unanimously to terminate Clavin.

Clavin challenged his termination in an Article 78 proceeding filed in Supreme Court, Orange County. Plaintiff's Article 78 petition claimed that both the adverse findings on various charges and the punishment imposed were arbitrary and capricious and constituted an abuse of the Town Board's discretion. Relatedly, Clavin contended that the findings of fact were not supported by substantial evidence and that the penalty of dismissal was too severe. By decision dated March 7, 1996, the court found that Clavin had received a fair hearing and transferred the balance of the case to the Appellate Division for a determination as to whether the Hearing Officer's findings were supported by substantial evidence. On April 14, 1997, the Appellate Division held that the findings of the Hearing Officer were supported by substantial evidence and that the penalty of dismissal was not disproportionate given the nature and number of the offenses committed by Clavin.

Plaintiff filed his complaint in this action on October 16, 1997 and subsequently amended the complaint and substituted counsel. Plaintiff's amended complaint alleges that he was terminated in retaliation for his exercise of his First Amendment rights to freedom of speech and to petition government for a redress for grievances. Specifically, Clavin contends that his criticism of members of the police department and its operation prompted a series of retaliatory actions by the individual defendants, culminating in Clavin's dismissal. Additionally, plaintiff alleges that the manner in which the hearing was conducted violated his right to due process.

## DISCUSSION

Under the *Rooker–Feldman* doctrine, District Courts lack subject matter jurisdiction over cases that effectively seek to review state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Gentner v. Shulman*, 55 F.3d 87 (2d Cir.1995). The prohibition on District Court review of state court judgments extends to cases that are "inextricably intertwined" with a state court's determinations. *Feldman*, 460 U.S. at 483 n. 16. A "federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco,*

481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).

Our Court of Appeals recently applied *Rooker–Feldman* in *Moccio v. New York State Office of Court Administration*, 95 F.3d 195 (2d Cir.1996). In *Moccio*, the plaintiff was terminated from his position in the New York State Office of Court Administration ("OCA") after having been found guilty, after a hearing, of certain disciplinary infractions. Moccio challenged his dismissal by filing an Article 78 petition. After a finding that the decision to terminate Moccio was supported by substantial evidence, his Article 78 petition was dismissed and his termination was upheld. *Moccio*, 95 F.3d at 197.

Moccio then filed a § 1983 action in federal court, alleging that the termination of his employment by the OCA violated the Fourteenth Amendment. Specifically, Moccio argued that the OCA did not afford him due process by exercising its discretion to terminate him in an arbitrary and capricious manner, and violated his rights to equal protection by selectively sanctioning him for behavior for which other personnel were not punished. *Moccio*, 95 F.3d at 198.

The Court explained that the *Rooker–Feldman* doctrine "is at least coextensive with the principles of res judicata (claim preclusion) and collateral estoppel (issue preclusion)." *Moccio*, 95 F.3d at 199 (internal quotations omitted). Therefore, "a claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion." *Moccio*, 95 F.3d at 200.

■ Collateral estoppel applies, under New York law, if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir.1995). While the party seeking preclusion bears the burden of demonstrating that an issue in the current case was decided in a prior proceeding, the party resisting preclusion must demonstrate that he was denied a full and fair opportunity to litigate the issue in the prior proceeding. *Colon*, 58 F.3d at 869.

The *Moccio* court noted that in his Article 78 proceeding, Moccio did not raise, although he could have, the precise claims that were the subject of his § 1983 action. Nonetheless, the court concluded that it lacked jurisdiction over Moccio's § 1983 action because issues central to both his equal protection and due process claims were decided adversely to him in the Article 78 proceeding. *See Fay v. South Colonie Central School District*, 802 F.2d 21, 29 (2d Cir.1986).

■ Similarly, Clavin argues that this § 1983 case involves issues not addressed in the Article 78 proceeding, specifically his constitutional claims alleging violations of the First Amendment and of due process. These assertions are misleading. In each of the two answers Clavin filed in response to the disciplinary charges, he explicitly asserted a first Amendment defense as to a charge arising from statements attributed to him. In both his answers to the disciplinary charges, Clavin also raised a due process defense, contending that the charges were "illegally instituted."

The Hearing Officer's findings adverse to Clavin on his speech related claims implicitly and necessarily reject the plaintiff's assertions, in this § 1983 action, that his statements were protected by the First Amendment. A finding in this case that plaintiff's statements were protected by the First Amendment, and thus could not properly provide a basis for plaintiff's dismissal, would necessarily contradict the findings of the Hearing Officer.

■ Clavin's due process claim similarly seeks review of a state court judgment. In order to prevail under a procedural due process claim, "a plaintiff must show that the procedural safeguards ... established by the state are insufficient to protect her rights." *Moccio*, 95 F.3d at 200 (quoting *Valmonte v. Bane*, 18 F.3d 992, 1002 (2d Cir.1994)) (internal quotations omitted). In this case, to conclude that Clavin was denied due process, the Court would have to find that the Article 78 proceeding and the pre-termination hearing were constitutionally inadequate. An inquiry in this § 1983 action as to whether Clavin was denied due process would thus

offend the prohibition on District Court review of state court judgments. *See Feldman*, 460 U.S. at 486. Moreover, courts in this Circuit have repeatedly held that an Article 78 proceeding is a constitutionally adequate proceeding for due process purposes. *Federico v. Board of Education of Public Schools of Tarrytowns*, 955 F.Supp. 194, 202 (S.D.N.Y.1997) (citations omitted).

In sum, Clavin could, and did, raise both due process and First Amendment defenses in the administrative proceeding. The Hearing Officer's findings with respect to these matters and the state court's affirmance of Clavin's dismissal preclude the reconsideration of his constitutional claims in this § 1983 action.

Finally, plaintiff argues that defendants violated due process by suspending him without pay prior to the disciplinary hearing. This claim also fails. Prior to his suspension, Clavin did receive notice of the charges against him. Moreover, *Gilbert v. Homar*, —— U.S. ——, ——, 117 S.Ct. 1807, 1812, 138 L.Ed.2d 120 (1997) establishes that a public employee need not be afforded a hearing prior to a suspension—as opposed to a termination—without pay. Here the adjudication leading to Clavin's dismissal proceeded, in view of all the circumstances, especially his counsel's unavailability, in a reasonable and expeditious manner.

### CONCLUSION

For the reasons stated, the defendants' motion is granted. However, the Court declines to make an award of attorney's fees. The Clerk of the Court is directed to dismiss the complaint.

**SO ORDERED:**