In the Matter of SWETA PATEL, Petitioner, v THOMAS A. BRESLIN, as County Judge of Albany County, et al., Respondents. [846 NYS2d 748]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Albany County Judge from enforcing an order which disqualifies petitioner's attorney from representing her in a criminal action due to a conflict of interest.

In November 2006, petitioner was charged in an indictment with various counts relating to the illegal sale of steroids. She retained attorney Phillip Steck, who is also a member of the Albany County Legislature, to represent her. Thereafter, Steck moved in Albany County Court for a determination of whether he was disqualified from representing petitioner based upon New York State Bar Association Committee on Professional Ethics Opinion 798 (2006), which provides that "[a] lawyer who is a member of a county legislature may not undertake criminal representation in cases involving members of a police department or district attorney's office over which the legislature has budget or appointment authority." The court concluded that Steck must be permitted to withdraw as counsel, and granted the motion to withdraw. Petitioner then commenced this CPLR article 78 proceeding seeking a writ of prohibition to prevent County Court from denying her counsel of her choosing.

"[T]he extraordinary remedy of prohibition lies only where there is a clear legal right" and, with respect to pending criminal proceedings, "only when a court exceeds its jurisdiction or authorized power in such a manner as to implicate the legality of the entire proceeding, as for example, the prosecution of a crime committed beyond the county's geographic jurisdiction" (*Matter of Rush v Mordue*, 68 NY2d 348, 352, 353 [1986]). Prohibition may not be invoked to obtain collateral review of an error of law in a pending criminal proceeding; rather, as an extraordinary writ, it lies in the discretion of the court to address only claims that involve harm that is substantial, implicates a fundamental constitutional right, *"and where the harm caused by the arrogation of power could not be adequately redressed through the ordinary channels of appeal"* (*id.* at 354 [emphasis added]; *see La Rocca v Lane*, 37 NY2d 575, 579-581 [1975], *cert denied* 424 US 968 [1976]). That is, "even if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal is but one" (*Matter of State of New York v King*, 36 NY2d 59, 62 [1975]; *see Matter of Lipari v Owens*, 70 NY2d 731, 732-733 [1987]). Moreover, while the right to counsel of one's own choosing is "constitutionally guaranteed," as petitioner asserts, the right is "qualified" such that a defendant cannot, for example, "employ such right as a means to delay judicial proceedings" (*People v Arroyave*, 49 NY2d 264, 271 [1980]). More fundamentally, "even if alleged error of constitutional dimension may be involved, prohibition does not lie because the removal of counsel would be reviewable upon direct appeal" (*Matter of Lipari v Owens*, 70 NY2d at 733; *see People v Mackey*, 175 AD2d 346, 347-348 [1991], *lv denied* 78 NY2d 969 [1991]; *Matter of Barrett v Vogt*, 170 AD2d 860, 861 [1991]; *see also Matter of Kavanagh v Vogt*, 58 NY2d 678, 679 [1982]; *cf. Matter of Heckstall v McGrath*, 15 AD3d 824, 825-826 [2005]).

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the petition is dismissed, without costs.