In the Matter of DANNY ECHEVARRIA, Petitioner, v PATRICIA D. MARKS, Monroe County Court Judge, Respondent. [869 NYS2d 837]—

Memorandum: Petitioner commenced this original CPLR article 78 proceeding seeking to prohibit respondent from proceeding with resentencing or any other proceedings with respect to a specified indictment. The record establishes that in March 1999 petitioner was sentenced to a determinate term of incarceration of five years along with two lesser indeterminate sentences after pleading guilty under that indictment to, inter alia, rape in the first degree. Respondent failed to advise petitioner at the time of sentencing of the mandatory period of postrelease supervision and, upon his subsequent release from incarceration, petitioner was advised that he was subject to a five-year period of postrelease supervision that had been administratively imposed by the Department of Correctional Services (DOCS). Following the decisions of the Court of Appeals in *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008]) and *People v Sparber* (10 NY3d 457 [2008]), DOCS requested that respondent calendar the matter in order to "allow the parties to be heard on the question of whether to resentence [petitioner]" in light of those decisions. Respondent scheduled the matter "for consideration of whether [petitioner] should be re-sentenced." Thereafter, petitioner commenced this proceeding alleging, inter alia, that resentencing would violate the prohibition against double jeopardy.

We conclude that the petition must be dismissed. "[T]he

extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]; *see Garner*, 10 NY3d at 361-362). Prohibition, however, does not lie " 'even if there has been an excess of jurisdiction or power . . . if there is available an adequate remedy at law, of which appeal is but one' " (*Matter of Patel v Breslin*, 45 AD3d 1240, 1241 [2007], *lv denied* 10 NY3d 704 [2008]; *see Matter of Jacobs v Altman*, 69 NY2d 733, 735 [1987]; *Matter of Price v Rath*, 177 AD2d 1057 [1991], *lv denied* 79 NY2d 758 [1992]). In view of our determination, we do not address the merits of the petition. Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.