In the Matter of LAWRENCE CARTER, Petitioner, v JOHN T. WARD, JR., Chautauqua County Court Judge, Respondent.

Dᴀᴠɪᴅ W. Fᴏʟᴇʏ, Chautauqua County District Attorney, Intervenor-Respondent. [895 NYS2d 272]—

Proceeding pursuant to CPLR article 78 (instituted in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondent from enforcing the order that disqualified petitioner's appointed counsel.

It is hereby ordered that the petition is unanimously dismissed without costs.

Memorandum: Petitioner was initially indicted by a Chautauqua County grand jury in January 2009 on charges of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and murder in the second degree (§ 125.25 [1], [3]). Approximately one week prior to trial, the People moved to disqualify petitioner's appointed counsel, the Chautauqua County Public Defender. The People asserted that there was an actual conflict of interest because a codefendant who had pleaded guilty and agreed to testify against petitioner in exchange for a lesser sentence was represented by a former assistant public defender who was a partner in a private law practice with an attorney presently serving as a part-time assistant public defender. Petitioner in fact was represented by two assistant public defenders who did not share a practice or office space with either the codefendant's counsel or his partner. Although petitioner waived the conflict on the record, County Court granted the People's motion to disqualify petitioner's appointed counsel on the ground that petitioner's right to effective assistance of counsel would be violated in the event that petitioner was represented by his appointed counsel. Petitioner commenced the instant CPLR article 78 proceeding in this Court, seeking to prohibit respondent from enforcing the order that disqualified petitioner's appointed counsel.

We dismiss the petition, although we note that we have not addressed the merits thereof. "Even if an error of allegedly constitutional dimension is involved here, 'prohibition does not lie because the removal of counsel would be reviewable upon direct appeal' " (*Matter of Barrett v Vogt*, 170 AD2d 860, 861 [1991], quoting *Matter of Lipari v Owens*, 70 NY2d 731, 733 [1987]; *see Matter of Patel v Breslin*, 45 AD3d 1240, 1241 [2007], *lv denied* 10 NY3d 704 [2008]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.