Matter of Rodriguez v Hobbs (2023 NY Slip Op 05433)

Matter of Rodriguez v Hobbs

2023 NY Slip Op 05433

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

535582
[*1]In the Matter of Keith Rameel Rodriguez, Petitioner,
v
Gary C. Hobbs, as Acting County Judge of St. Lawrence County, et al., Respondents.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Keith Rameel Rodriguez, Jersey City, New Jersey, petitioner pro se.
Stephen D. Button, County Attorney, Canton, for Gary Pasqua and another, respondents.

Egan Jr., J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner in the County Court of St. Lawrence County on an indictment charging him with conspiracy in the second degree, operating as a major trafficker (two counts), criminal possession of a controlled substance in the first degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
In response to the emerging COVID-19 pandemic, the then Chief Administrative Judge issued an administrative order on March 22, 2020 providing that, until further notice, "no papers [could] be accepted for filing by a county clerk or a court in any matter of a type not included on the list of essential matters" (Admin Order of Chief Admin Judge of Cts AO/78/20 [hereinafter AO/78/20]). The list annexed to AO/78/20 cited examples of essential proceedings in a variety of matters, including criminal ones, but made clear that papers could be accepted for filing by a court in "any other matter that [it] deem[ed] essential" (Admin Order of Chief Admin Judge of Cts AO/78/20).
On May 1, 2020, while AO/78/20 was in effect, a warrant was issued by a judge of the Watertown City Court authorizing the search of a Jefferson County residence in connection with an investigation into the involvement of petitioner and others in the sale of cocaine and heroin. On May 6, 2020, the warrant was executed, and petitioner was placed under arrest. In August 2020, an 80-count indictment was handed up in St. Lawrence County that charged petitioner and 44 codefendants with various offenses. Petitioner filed an omnibus motion in April 2022 seeking, among other things, suppression of the evidence obtained as a result of the search warrant. Respondent Acting County Judge of St. Lawrence County denied that aspect of the motion as untimely. Petitioner then commenced the instant CPLR article 78 proceeding in this Court pursuant to CPLR 506 (b) (1) seeking a writ of prohibition due to the invalidity of the warrant.[FN1]
Respondents St. Lawrence County District Attorney and Chief Assistant District Attorney contend that petitioner may not obtain review of the search warrant's validity in this CPLR article 78 proceeding, and we agree. "The extraordinary remedy of prohibition lies only where there is a clear legal right and, with respect to pending criminal proceedings, only when a court exceeds its jurisdiction or authorized power in such a manner as to implicate the legality of the entire proceeding" (Matter of Patel v Breslin, 45 AD3d 1240, 1241 [3d Dept 2007] [internal quotation marks, brackets and citation omitted], lv denied 10 NY3d 704 [2008]; see Matter of Rush v Mordue, 68 NY2d 348, 352-353 [1986]; Matter of State of New York v King, 36 NY2d 59, 62 [1975]; Matter of Canning v Revoir, ___ AD3d ___, ___, 2023 NY Slip Op 04623, *1 [3d Dept 2023]). That said, "even if there has been an excess of jurisdiction or power, the extraordinary [*2]remedy will not lie if there is available an adequate remedy at law" (Matter of State of New York v King, 36 NY2d at 62; see Matter of Lipari v Owens, 70 NY2d 731, 732-733 [1987]; Matter of Patel v Breslin, 45 AD3d at 1241).
Petitioner argues that respondents should be prohibited from prosecuting him because the application for, and filing of, the search warrant that preceded his arrest was not "essential" as required by AO/78/20 and that, given the invalidity of the warrant, there was inadequate evidence to arrest and subsequently indict him. It is far from obvious that AO/78/20 posed any impediment to issuing the search warrant or, for that matter, that the invalidity of a search warrant would deprive respondents of the legal authority to prosecute and try petitioner. What is clear, however, is that "prohibition will not be available to challenge the validity of a search warrant" where the evidence obtained leads to prosecution (Matter of B.T. Prods v Barr, 44 NY2d 226, 233 [1978]). An adequate remedy at law exists to address that problem given the ability of petitioner to challenge the validity of a warrant in the criminal matter "by means of a motion to suppress, the denial of which is appealable in the context of an appeal from the resultant conviction" (id.; see Matter of HCI Distrib., Inc. v New York State Police, Troop B Commander, 110 AD3d 1297, 1298-1299 [3d Dept 2013]; Matter of Agresta v Roberts, 66 AD2d 929, 930 [3d Dept 1978]; see also CPL 710.20, 710.40). Petitioner did move to suppress in the criminal matter against him, and the denial of that motion is reviewable on direct appeal if he is convicted. Thus, he is not entitled to prohibition.
In view of the foregoing, the remaining arguments of the District Attorney and Chief Assistant District Attorney are academic.
Garry, P.J., Aarons, McShan and Mackey, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.

Footnotes

Footnote 1: We denied the motion of respondents St. Lawrence County District Attorney and Chief Assistant District Attorney to, in relevant part, dismiss this proceeding, without prejudice to raising their arguments in their brief (2022 NY Slip Op 72917[U] [3d Dept 2022]). We further denied petitioner's motion for a stay of his criminal trial pending the outcome of this proceeding (2023 NY Slip Op 63596[U] [3d Dept 2023]), and are advised that it was scheduled to commence on September 11, 2023.